Rafael DONES-ARROYO, Plaintiff,

v.

Hon. José TRIAS–MONGE et al., Defendants.

Civ. No. 76–882.

United States District Court, D. Puerto Rico.

Sept. 24, 1976.

Santos P. Amadeo, Río Piedras, P. R., for plaintiff.

Secretary of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

Before COFFIN, Circuit Judge, TOLEDO, Chief Judge, and TORRUELLA, District Judge.

TOLEDO, Chief Judge.

Plaintiff herein is challenging the constitutionality, as applied to him, of Rule 208 of the Puerto Rico Rules of Criminal Procedure, and Rule 15(d) of the Rules of the Supreme Court of the Commonwealth of Puerto Rico. These Rules read as follows:

"In the event no stenographic report of the evidence or of the proceeding at a hearing or trial was made or if for any reason such report can not be transcribed, the appellant may prepare a summary of the evidence or of the proceedings, using for such purpose the best available means, including his recollection, to be used instead of a stenographic transcript.

This summary shall be served on the prosecuting attorney, who shall present his objections or propose amendments within ten days after service upon him. Immediately thereafter, said summary, together with the objections or proposed amendments, shall be submitted to the Superior Court for settlement and approval and, as settled and approved, shall be included by the clerk of the court in the record on appeal." (Rule 208—Criminal Procedure, Title 34, Laws of Puerto Rico Annotated, App. II R. 208).

Rule 15(d) of the Rules of the Supreme Court of Puerto Rico provides:

"(d) When, for the purpose of obtaining the decision of this Court, the appellant is interested in enclosing a total or partial copy of the transcript of evidence and it becomes necessary for this Court to grant time for the preparation of the transcript, he shall, in a separate motion to those effects, prove the need for it in the light of the facts elucidated before the trial Court, making reference to the matters presented in his appeal and the contents of the specific testimonies intended to be used.

If the appellant points out error in the evaluation of the evidence or alleges that the conviction is not sustained by the evidence, he shall include in his motion a summary of the pertinent part of the evidence presented to trial Court, necessary to substantiate the annotation. The non-compliance with this rule shall result in the denial of the motion and in the submission of a statement of the evidence, as provided by Rule 208 of Criminal Procedure.

When this Court grants time for the preparation of the partial or total transcript of the evidence for the purpose of the appeal, the appellant shall promptly inform the Court the turn corresponding to the transcript requested, the name of the intervening stenographers, the date of the consignment of fees and the approximate date when it will be duly transcribed. If it is deemed convenient to

obtain a faster handling of the case or to serve the ends of justice in any other manner, this Court may modify its authorization at any time, and order the parties to submit within a reasonable period a statement of the evidence, as provided by Rule 208 of Criminal Procedure, having the same to be approved and certified by the judge who considered and decided the case."

Plaintiff's argument is that as these Rules have been applied to him, he has been unconstitutionally deprived of his right to a complete transcript of the evidence as guaranteed by an Act of March 10, 1904.[1] Thus, plaintiff urges us to issue an order to enjoin the Supreme Court of Puerto Rico from so applying the above mentioned rules and to further order it not to consider plaintiff's case on appeal unless it is on the basis of the whole transcription of the evidence.

A three judge court was convened pursuant to the provisions of Title 28, United States Code, Sections 2281 and 2284.

We find that this Court lacks jurisdiction over the present case. The record reveals that plaintiff's case is still pending before the state courts, even though in an appellate stage. Plaintiff would like us to find *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), inapposite to the present situation because while in *Younger*

defendants had been merely indicted, here plaintiff has already been tried and convicted.

We cannot agree with plaintiff's contention. To do so would be to ignore the strong policy considerations which led the *Younger* Court to rule that Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances. Plaintiff would like us to find that under *Younger* the term "pending state criminal prosecutions" did not include the appellate stage. This we must reject for two reasons. First and foremost, it would seem that the Puerto Rican law would be the first source of definition as to that term. We find that Rule 193 of the Puerto Rico Rules of Criminal Procedure, Title 34, Laws of Puerto Rico Annotated, App. II–R. 193, grants defendants in criminal cases the right to appeal a final judgment of conviction to the Supreme Court of Puerto Rico. This, we think, is part of the pending state criminal process which *Younger* painstakingly sought to protect from undue Federal interference.

Moreover, the *Younger* Court had a subsequent opportunity to address itself to this specific issue. In *Huffman v. Pursue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1974), when the Supreme Court of the United States extended the *Younger* doctrine to civil cases it had the occasion to

---

1. 32 LPRA § 1489. This Act provides in its pertinent part:

"It shall be the duty of each reporter to furnish, on the application of the Secretary of Justice, prosecuting attorney, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action; Provided, When such copy is required on behalf of The People of Puerto Rico or by a defendant in a criminal case or his attorney, and where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free of charge. And in all

civil cases in which a party to an action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same. Such copy of the record shall constitute *prima facie* evidence of the minutes of the court and may be used on all motions for new trials, review, or appeal when minutes of the court may be used."
On August 13, 1976, the Supreme Court of the Commonwealth of Puerto Rico stated that this law was not a statutory ground to allege the existence of an absolute right to a transcript of the evidence. See *Pueblo de P.R. v. Casiano Velez,* opinion issued on August 13, 1976, at page 6, footnote 2.

consider the application of that holding to a state's appellate stage. The Court stated:

". . . For regardless of when the Court of Common Pleas' judgment became final, *we believe that a necessary concomitant of Younger is that a party [. . .] must exhaust his state appellate remedies before seeking relief in the District Court,* unless he can bring himself within one of the exceptions specified in *Younger.*" *Id.* at 608, 95 S.Ct. at 1210. (Emphasis added).

Wherefore, in view of the foregoing, this case is hereby dismissed. The Clerk will enter judgment accordingly.

IT IS SO ORDERED.