Re: MUHAMMED

v.

COBURN, et als.

Civ. No. 80–2111.

United States District Court, D. New Jersey.

Dec. 11, 1980.

Lloyd A. R. Muhammed, New Jersey State Prison, appellant pro se.

David H. Ben-Asher, Essex County Counsel, Thomas W. Matthews, Asst. County Counsel, Newark, N. J., for appellees, Coburn, Kelly, Anderson and Gennaro.

## MEMORANDUM

BIUNNO, District Judge.

Muhammed was convicted of murder after jury trial in the New Jersey courts, and is now confined. He has filed here a complaint and amended complaint under the Civil Rights Act, and attacks the validity of his arrest, the use at trial of an inculpatory statement, and other alleged misconduct.

Mr. Muhammed has filed a plethora of papers in this case, hardly waiting for the ink to dry on one before filing the next. At one stage he engaged in the practice of writing letters to the court in chambers, obliging the court to issue memoranda to instruct him to follow the established practice.

Although acting pro se, Mr. Muhammed is not unfamiliar with this court. His indictment, trial and conviction in New Jersey was by the name of Lloyd Jackson, a/k/a Lloyd G. Jackson, a/k/a Lloyd George Jackson. He filed a suit in this court as Jackson against prison officers under 42 U.S.C. § 1983 on August 5, 1977, Civ. 77–1619, which was dismissed November 13, 1978, with no appeal taken.

He filed another suit under the name Muhammed on June 18, 1979, Civ. 79–1880, also under 42 U.S.C. § 1983, which was eventually dismissed by Judge Thompson on February 5, 1980, on Mr. Muhammed's own motion.

Later, on July 24, 1980, Mr. Muhammed filed a petition here under 28 U.S.C. § 2254, Civ. 80-2305, which was voluntarily withdrawn by order dated September 10, 1980 after the answer raised the issue of his failure to exhaust available state remedies. Proceedings to exhaust state remedies were initiated with the assistance of the N.J. Public Defender, see Memorandum and Order of October 10, 1980, in the present case.

In the present case, Mr. Muhammed alleges a connected series of events which led to his trial, in which inculpatory statements he made were received in evidence against him. The series of events begins with his allegedly unlawful arrest which, although by arrest warrant, he claims was without probable cause. The arrest, he says, led to his confinement during which he says his inculpatory statement was involuntarily coerced. That statement, in turn, was introduced at trial (after complying with the *Jackson v. Denno* requirements) and led to his conviction.

At present, the judgment of conviction stands against him unimpeached, is entitled to full faith and credit, 28 U.S.C. § 1738, and so bars the supposed civil rights claim as stated.

Since the suit began, Muhammed applied to the New Jersey courts for post-conviction relief under N.J. Court Rule 3:22, and a N.J. Public Defender was appointed to represent him there.

The matter came before the court on November 10, 1980 on a number of motions, all of which were ordered decided on the papers without oral argument under F.R. Civ.P. 78.

The first motion is one by Muhammed for a preliminary injunction to restrain the further processing of his Rule 3:22 motion. That relief must be denied because of the statute, 28 U.S.C. § 2283.

The second motion is one by Muhammed for the issuance of subpoenas. Subpoenas are issued by the clerk under F.R.Civ.P. 45, and no separate order is involved. That motion is denied.

The third motion is by Muhammed for the appointment of counsel. The clerk's file discloses that the ACLU office in Trenton is providing him with assistance. The court accordingly entered a memorandum calling on that unit to submit names of attorneys in the Trenton area (where Muhammed is confined) willing to accept appointment. ACLU respectfully declined to submit names. The court has so far found no attorney willing to accept the responsibility after evaluating the papers, in view of the contingent nature of any compensation or reimbursement for expenses. This motion is denied without prejudice.

Finally, defendants move to dismiss. The motion rests on the proposition that the predicates for each claim asserted here, such as the alleged lack of probable cause for issuing the arrest warrant, the alleged involuntary nature of the inculpatory statement received in evidence, and the like, are part and parcel of the judgment of conviction.

It is well established that the only federal vehicle for collateral attack on a state judgment of conviction for a crime is by habeas, under 28 U.S.C. § 2254. That vehicle is not available so long as state remedies have not been exhausted.

Muhammed's posture in this case is accordingly untenable. He has initiated proceedings for available post-conviction relief so that he may exhaust his remedies and (if unsuccessful) enter the federal court for a collateral attack under § 2254. At the same time, he wants those state proceedings restrained.

The papers on file in the case show that the issue of voluntariness of the confession was presented and decided, both by the trial court and by the jury, at his New Jersey trial. At least by collateral estoppel or estoppel by judgment (since the defendants here were not parties to the criminal cases) this issue is not open for trial in this § 1983 case. It was tried and decided against him.

Any doubts on this score were laid to rest with the decision of the Supreme Court of the United States on December 9, 1980, in *Allen v. McCurry*, No. 79-935, not yet offi-

cially reported. The rulings below are found in *McCurry v. Allen* 466 F.Supp. 514 (D.Mo.1978), reversed and remanded 606 F.2d 795 (CA 8, 1979).

In reversing the Court of Appeals ruling, the Supreme Court observed that there is not any "generally framed principle that every person asserting a Federal right is entitled to one unencumbered opportunity to litigate that right in a Federal district court." That case had involved a search and seizure claim under Amendment 4, which the Eighth Circuit understood could not be raised by habeas corpus (§ 2254) since *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). See 606 F.2d at 798, where that court said that with the *Stone v. Powell* decision, "federal habeas corpus relief became unavailable". This, of course, is not what was held. The ruling in *Stone v. Powell* was that in a federal habeas involving a search and seizure issue, a showing that a full and fair opportunity to try the issue in the state court marked the scope of the federal habeas review. See, e.g., the Congressional mandate expressed in 28 U.S.C. § 2254(d)(6).

The Eighth Circuit, erroneously assuming that *no* habeas review was available in search and seizure cases, adopted the theory that a § 1983 action should be carved out as an exception to the usual principles of collateral estoppel.

The decision of December 9, 1980, rejects this thesis, pointing out that by the enactment of the Civil Rights of 1871, the Congress had not intended "to deny binding effect to a state court judgment" so long as a full opportunity had been provided by the State to raise the constitutional issue.

In the present case, Mr. Muhammed may well have an opportunity to have a Federal district court consider a collateral attack on his conviction through a § 2254 petition. At this time he cannot seek that consideration because he has not exhausted his available State remedies.

■ He does have a proceeding under way to seek and exhaust all available State remedies under N.J. Court Rule R.3:22, a proceeding which, as noted above, he wants this court to restrain. In this respect, he is violating the old adage, "Never whittle toward yourself; never spit against the wind." Unless and until he can succeed in the only means of collateral attack on the judgment of conviction available to him, i.e., through available state remedies and, after exhaustion thereof, a § 2254 petition here, his § 1983 suit cannot stand.

Among the many papers he has filed here there is a § 2254 petition filed November 21, 1980, in this same cause (numbered item 52), which obviously cannot be heard here any more than his earlier § 2254 petition in Civ.80–2305 (dismissed) could have been. He has still not exhausted his State remedies.

■ Independently, of all the foregoing, the present § 1983 claims is barred by the statute of limitations, NJSA 2A:14–2, on the face of the papers. His N.J. judgment of conviction was entered March 10, 1976. The present suit was filed here July 10, 1980, more than two years later.

■ In addition, and independently, the prosecutor and his assistant cannot be sued for their official conduct because of the doctrine of immunity, and the public defender who represented him cannot be sued because of the absence of any color of state law.