35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David J. SCOTT, Plaintiff-Appellant,
v.
Marilyn K. HALL, Director, State Court Administrator's
Office; Kevin J. Bowling, Regional Director,
State Court Administrator's Office,
Defendants-Appellees.
 No. 94-1027.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 David J. Scott is a pro se Michigan prisoner who appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Scott pleaded guilty to two counts of delivery of controlled substances. On March 27, 1991, the Michigan Court of Appeals remanded his case for resentencing by a different judge. On March 25, 1993, Scott filed his civil rights complaint against the director of the State Court Administrator's Office, and a regional director of that office, seeking to bar the defendants from removing his cases from the original sentencing judge and reassigning them to a different district. Both defendants were sued in their individual and official capacities. Scott sought a declaratory judgment that the defendants violated his constitutional rights and sought an injunction ordering the defendants to refrain from removing Scott's criminal proceedings as well as any other proceedings from Judge Burress's court (the original sentencing judge) and to refrain from reassigning the cases to another judge in a different judicial district without first establishing through an evidentiary hearing that Judge Burress is disqualified from presiding over Scott's cases.
 
 
 3
 The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment on March 29, 1993. The matter was referred to a magistrate judge who issued a report recommending that the defendants' motion to dismiss be granted and that Scott's complaint be dismissed pursuant to the doctrine of Younger v. Harris, 401 U.S. 37 (1971). The magistrate judge also recommended that Scott's motion for a temporary restraining order be denied. Despite Scott's objections, the district court adopted the report and recommendation in an opinion and judgment dated December 6, 1993. This timely appeal followed.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Scott's complaint because Scott undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). The Younger abstention doctrine bars federal review of Scott's claims for declaratory and injunctive relief. Under the Younger doctrine of abstention, absent extraordinary circumstances, a federal court must decline to interfere with pending state civil or criminal judicial proceedings where important state interests are involved. See New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989); Younger, 401 U.S. at 44-45; Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 722-24 (6th Cir.), cert. denied, 113 S.Ct. 2416 (1993); Sun Refining & Mktg. Co. v. Brennan, 921 F.2d 635, 638-42 (6th Cir.1990).
 
 
 5
 Assuming that Scott alleged facts that make injunctive and declaratory relief appropriate, the district court was nonetheless correct in abstaining on the basis of the Younger doctrine. First, Scott's criminal appellate proceedings were on-going state judicial proceedings at the time he filed the instant civil rights complaint. State appellate process falls under the Younger doctrine. See e.g., Muhammed v. Coburn, 535 F.Supp. 736, 738 (D.N.J.1980); Dones-Arroyo v. Trias-Monge, 430 F.Supp. 315, 317 (D.P.R.1976). Second, the state proceedings involve a paramount state interest, i.e., criminal law. Finally, Scott has failed to show that the Michigan courts cannot or will not provide an adequate opportunity to raise his constitutional claims. As pointed out by the magistrate judge, Scott has an adequate remedy in the Michigan state courts to correct any impropriety relative to Judge Burress. He can appeal from the final order of Judge Garbrecht (the judge assigned his motion for withdrawal of his guilty pleas) and argue that Judge Garbrecht was without authority to decide the motion. See Mich.Ct.R. 7.205. Moreover, Scott could file a motion for relief from Judge Garbrecht's judgment raising the argument that Judge Garbrecht lacked authority to decide Scott's motion to withdraw the guilty pleas. See Mich.Ct.R. 6.502.
 
 
 6
 Finally, Scott's argument that the district court improperly denied his motion to amend is without merit. No new facts or legal issues were identified in Scott's motion to amend. Under these circumstances, there was no abuse of discretion. See Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 7
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.