## HANSSEN v. PUSEY & JONES CO.

(District Court, D. Delaware. February 2, 1923.)

No. 429.

1. Stipulations ⇐14(11)—Party, consenting to order providing for final hearing of suit, cannot set up certiorari granted on its petition in opposition to such hearing.

A defendant, consenting to the entry of an order granting time to it to apply for the discharge of temporary receivers, and providing that the court might set the final hearing of the cause at any time five days after the denial of such application, or, if no such application was made, five days after the expiration of the time allowed therefor, could not set up, as a reason why a final hearing should not be had at a time so set, the grant by the Supreme Court, on defendant's petition, of a writ of certiorari to the Circuit Court of Appeals to review the order appointing temporary receivers.

2. Certiorari ⇐47—From Supreme Court to Circuit Court of Appeals, to review order appointing temporary receivers does not stay proceedings in District Court.

Under Judicial Code, § 129 (Comp. St. § 1121), relative to appeals from interlocutory orders appointing receivers, and section 240 (Comp. St. § 1217), relative to certiorari from the Supreme Court to the Circuit Court of Appeals, a writ of certiorari from the Supreme Court to review the order of the Circuit Court of Appeals, affirming an order appointing temporary receivers, does not stay further proceedings in the District Court.

3. Certiorari ⇐47—Entry of final decree postponed, pending hearing of certiorari to review interlocutory order.

Where the Supreme Court has granted a writ of certiorari to the Circuit Court of Appeals to review an order appointing temporary receivers and the entry of final decree in the suit for the appointment of receivers might make moot the questions before the Supreme Court, proper deference to that court and orderly procedure and due administration of justice require the District Court of its own motion to postpone the entry of

---

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

final decree, especially where, by stipulation, the final hearing is to be had on the identical record before the Supreme Court.

In Equity. Suit by Hans Karluf Hanssen against the Pusey & Jones Company, in which other parties intervened. On final hearing pursuant to order setting the cause down for hearing. Entry of final decree postponed.

William H. Button, of New York City, and John P. Nields and William G. Mahaffy, both of Wilmington, Del., for plaintiff.

Josiah Marvel, of Wilmington, Del., for defendant.

MORRIS, District Judge. This suit, instituted by Hans Karluf Hanssen against the Pusey & Jones Company for the appointment of a receiver for the defendant, is now upon final hearing, and, by stipulation of the parties, upon the same record upon which receivers pendente lite were appointed. (D. C.) 276 Fed. 296. After the affirmance by the Court of Appeals of the interlocutory order appointing the receivers pendente lite (279 Fed. 488), the cause was set down for final hearing in open court on September 14, 1922. Upon that day, on application of the defendant, the following order, consented to by counsel for the plaintiff, defendant, and interveners, was entered:

"And, now, this 14th day of September, A. D. 1922, this cause came on for the taking of proofs on final hearing in the presence of John P. Nields, William H. Button, and William G. Mahaffy, solicitors and counsel for the plaintiff, Hans Karluf Hanssen and the nine Norwegian interveners, Lindley M. Garrison and Josiah Marvel, solicitors and counsel for the defendant, the Pusey & Jones Company, George Weems Williams and Robert H. Richards, solicitors and counsel for the Baltimore Dry Docks & Shipbuilding Company, Josiah Stryker and James H. Hughes, Jr., solicitors and counsel for the United States Shipping Board Emergency Fleet Corporation, and it appearing to the court from statements of counsel for the defendant that the latter intends applying to this court for the discharge of the temporary receivers and the return of the property to the defendant upon showing to the court the propriety of such action, and that for the purpose of making and disposing of such application, counsel for the defendant desires a reasonable adjournment of this final hearing and counsel for the other parties being agreeable to such adjournment upon the conditions named in this order:

"It is ordered, adjudged, and decreed by the court that the final hearing of this cause be and the same hereby is adjourned until a later day to be fixed; that if defendant presents within 60 days from the date hereof an application to this court to discharge the temporary receivers, the court will promptly hear and dispose of the same; and in the event of refusal to grant such application, may set the final hearing of this cause at any time five days after the date of the order of such refusal; and upon such final hearing all parties consent to the submission to the court, all pleadings, affidavits, and exhibits heretofore presented in this court in any manner and without the introduction or proffer of any further or other evidence. The said affidavits and exhibits to be considered as if presented in open court and testified to or identified by present witnesses.

"If the defendant within the 60 days above specified fails to present such application for the discharge of the temporary receivers, then the court may similarly fix the time for final hearing at any time 5 days after the expiration of the said 60 days within which the defendant should have presented their application for a discharge, and upon such final hearing all parties consent to the submission to the court, all pleadings, affidavits, and exhibits heretofore presented in this court in any manner, and without the introduction

or proffer of any further or other evidence. The said affidavits and exhibits to be considered as if presented in open court and testified to or identified by present witnesses.                    [Signed]  Hugh M. Morris, Judge.
"Consented to:
      "[Signed]  John P. Nields,
                 "Wm. H. Button,
                 "Wm. G. Mahaffy,
           "Solicitors for Plaintiff and the Nine Norwegian Interveners.
      "[Signed]  Lindley M. Garrison,
                 "Josiah Marvel,
           "Solicitors for Defendant.
      "[Signed]  George Weems Williams,
                 "Robt. H. Richards,
           "Solicitors for Baltimore Dry Docks & Shipbuilding Company.
      "[Signed]  Josiah Stryker,
                            "Of Counsel, U. S. Shipping Board E. F. C.
      "[Signed]  James H. Hughes, Jr., U. S. Atty.
  "Solicitor for the United States Shipping Board Emergency Fleet Corp."

On November 13th, no application for the discharge of the receivers having been made in the interim, upon motion of defendant and written consent of all the parties who had consented to the order of September 14th, a further order was made, modifying the order of September 14th by extending for a period of 60 days from November 13th, under the terms and conditions prescribed in the order of September 14th, the time for the defendant to present an application to discharge the receivers. No application for the discharge of the receivers was made during the extended period, and an order in conformity with the terms of the prior consent orders was entered, setting the cause down for final hearing on January 17th last.

[1] At the hearing then had the defendant, contending that a writ of certiorari is of itself and propria vigore a supersedeas, and stays all proceedings in the Circuit Court of Appeals and in this court, asked leave to file an affidavit and exhibits, then presented, setting forth that on the 3d day of October, 1922, the defendant submitted to the Supreme Court of the United States a petition for a writ of certiorari in this cause, addressed to the Judges of the Circuit Court of Appeals for this Circuit; that the writ of certiorari was granted on October 9 (43 Sup. Ct. 13, 67 L. Ed. ——), issued October 26, and received by the Circuit Court of Appeals on November 2, 1922.

The defendant is, however, obviously foreclosed by its solemn stipulations from now setting up any act of its own or the legal consequence of any act of its own to nullify the terms of those stipulations. The writ of certiorari was issued by the Supreme Court, not on its own motion, but upon the petition of the defendant submitted to the Supreme Court after the entry of the consent order of September 14th. Hence the defendant may not be heard to assert that by reason of the issuance of the writ of certiorari a final hearing of this cause may not be had at the time theretofore and thereafter agreed to by it or that a final decree may not be now entered. The application for leave to file the affidavit will therefore be denied.

[2] Moreover, if leave to file the affidavit were granted to the defendant, I think it would avail the defendant nothing for whatever may be the legal effect of a writ of certiorari issued by the Supreme

Court to a Court of Appeals in cases in which the latter court has rendered a final judgment, it is to be observed that the matter before the Court of Appeals in this case was an appeal, under section 129 of the Judicial Code, from an interlocutory order or decree appointing a receiver. That section provides:

Section 1121, U. S. Comp. Stat.: "Where upon a hearing in equity in a District Court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the Circuit Court of Appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: Provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal: Provided, however, that the court below may, in its discretion, require as a condition of the appeal an additional bond."

With respect to an appeal under that section from an interlocutory order the Supreme Court, in Ex parte National Enameling Co., 201 U. S. 156, 162, 26 Sup. Ct. 404, 406 (50 L. Ed. 707), said:

"Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."

No order staying the proceedings has been entered in this cause by this court, or the appellate court, or a judge thereof, nor has such order been applied for. Section 240 of the Judicial Code, authorizing the issuance of the writ of certiorari by the Supreme Court to the Circuit Court of Appeals provides:

Section 1217, U. S. Comp. Stat.: "In any case, civil or criminal, in which the judgment or decree of the Circuit Court of Appeals is made final by the provisions of this title, it shall be competent for the Supreme Court to require, by certiorari or otherwise. upon the petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court."

The writ of certiorari was addressed to the Circuit Court of Appeals, not to this court. It required to be certified to the Supreme Court by the Circuit Court of Appeals only the record and proceedings that were before the Circuit Court of Appeals. Under the statutes and that fact it is impossible to conceive how the writ of certiorari—if a supersedeas at all, which is not now passed upon—has any greater effect to stay the proceedings in this court than had the appeal.

[3] Notwithstanding the foregoing conclusions, and the refusal to permit the filing of the affidavit, this court has notice of the fact that the Supreme Court now has before it for its review and determina-

tion the record and questions that were before this court and the Court of Appeals upon the application for the appointment of receivers pendente lite. It may be that the entry of a final decree at this time would make moot the questions now before the Supreme Court in this cause. I think, under such circumstances, proper deference to the Supreme Court, orderly procedure, and due administration of justice require this court of its own motion to postpone the entry of a final decree in this cause until after the decision of the Supreme Court. I am the more convinced of the soundness of this conclusion by reason of the fact that the final hearing was had, as a result of the stipulation of the parties, upon the identical record that is now before the Supreme Court.

The entry of the final decree in this cause will be postponed until after the decision of the Supreme Court, unless the plaintiffs, or other parties in like situation, shall, at any time prior to that decision, by due proof convince this court that their interest will be placed in jeopardy by such postponement.