466 F.Supp. 514 (1978)
Willie McCURRY, Plaintiff,
v.
Marvin ALLEN, Steven Jacobsmeyer, and Unknown Police Officers, St. Louis Police Department, St. Louis, Missouri, Defendants.
No. 78-717C(1).
United States District Court, E. D. Missouri, E. Div.
October 13, 1978.
*515 Willie McCurry, pro se.
John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendant St. Louis Police Department to dismiss for failure to state a claim, on the motion of defendants for summary judgment, and on the motion of plaintiff for summary judgment. For the reasons stated below, the Court will grant defendants' motion for summary judgment and dismiss plaintiff's complaint with prejudice.
This pro se action is brought under 42 U.S.C. § 1983. Plaintiff alleges that on April 9, 1977, various police officers of the St. Louis Police Department conducted an illegal and unconstitutional search of his house following his arrest.
It appears from the police reports that defendants Jacobsmeyer and Allen went to plaintiff's home to make a purchase of heroin and knocked on the door. Plaintiff opened the front door and, after being asked to sell the undercover agents heroin, said "wait a minute, I'll get it". After a brief period of time plaintiff returned and shot both defendants, wounding them seriously.
Plaintiff was tried and convicted in St. Louis City Circuit Court of assault with intent to kill, Cause No. 77-862. Plaintiff then filed this action seeking $1,000,000.00 in damages for a "deliberate and intentional violation of the U.S. Constitutional Rights of the Plaintiff."
Plaintiff contends that a search that was conducted after the shooting by "unknown police officers" and officers Jacobsmeyer and Allen, both of whom were lying on the ground critically wounded, violated his right to protection from unlawful searches under the Fourth Amendment of the United States Constitution.
Defendants move for summary judgment on the grounds that the lawfulness of the search was litigated at the state level and is therefore barred from relitigation by res judicata.
It should first be noted that res judicata does not apply in this instance because different parties are involved. Rather, collateral estoppel will bar relitigation of only those issues which were actually litigated on the merits in the first action.
In support of the motion for summary judgment, defendants attach a copy of the Court's ruling on plaintiff's motion to suppress all evidence obtained from the alleged unlawful search. It reveals that the Court upheld the search of the house insofar as evidence in plain view was seized. The Court did suppress evidence (heroin) which was taken from a search of some dresser drawers. Nevertheless, the impact of that decision is that the police lawfully entered the house pursuant to a lawful arrest and lawfully searched the house for evidence.
This Court will grant defendants' motion on the grounds that the only issue in the instant lawsuit  whether the entrance into plaintiff's home and the resulting search was lawful  was litigated on the merits at his criminal trial in state court and determined adversely to his position. Therefore, *516 plaintiff may not collaterally attack that determination and he is collaterally estopped from relitigating the constitutionality of the search. Rodriguez v. Beame, 423 F.Supp. 906, 908 (S.D.N.Y.1976), Taylor v. New York City Transit Authority, 433 F.2d 665 (2d. Cir. 1970). Since no genuine issues remain for trial, and it is further evident that defendants are entitled to judgment as a matter of law, Rule 56(c), Fed.R.Civ.Proc., the motion will be granted and plaintiff's complaint dismissed. This ruling will obviously moot plaintiff's motion for summary judgment.