Willie McCURRY, Appellant,

v.

Marvin ALLEN, Steven Jacobsmeyer, and Unknown Police Officers, St. Louis Police Department, St. Louis, Missouri, Appellees.

No. 78–1849.

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1979.

Decided Oct. 1, 1979.

---

Andrew F. Puzder, St. Louis, Mo., for appellant; Jeffrey J. Shank, St. Louis, Mo., on brief.

John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for appellees; Jack L. Koehr, City Counselor, St. Louis, Mo., on brief.

Before LAY, HEANEY and McMILLI-AN, Circuit Judges.

McMILLIAN, Circuit Judge.

Willie McCurry appeals from a judgment of the district court granting appellees' motion for partial summary judgment and dismissing with prejudice appellant's entire § 1983 civil rights complaint. 42 U.S.C. § 1983. Appellant was convicted of illegal possession and assault with intent to kill in state court proceedings. Subsequently, appellant filed a § 1983 action alleging violation of his constitutional rights in connection with his arrest and naming as defendants two individual police officers, "unknown police officers," and the City of St. Louis Police Department. The district court granted the motion for summary judgment on the basis of collateral estoppel.

For reversal appellant argues that the trial court erred in applying the doctrine of collateral estoppel to bar appellant's § 1983 action and in dismissing with prejudice appellant's entire § 1983 complaint. For the reasons discussed below, we reverse the judgment of the district court and remand for further proceedings not inconsistent with this opinion.

On April 9, 1977, six or seven undercover police officers went to appellant's house on an informant's tip that appellant was currently selling heroin. Two officers were to make a heroin purchase while the other officers remained secluded in nearby bushes. The two officers knocked on the front door of appellant's home, and, when appellant came to the door, asked if he had some "caps" (capsules of heroin) they could purchase. Appellant said, "Wait a minute," or something to that effect, and came back shooting. The two officers standing at the door were seriously wounded. The other officers opened fire and a gun battle ensued. Additional officers arrived until there were about thirty-five officers at the scene. After all officers had arrived, one of the officers announced with a bullhorn, "We are police, let us in," and "Come out of the house, no action will be taken." Appellant and his father then came out of the house. The officers, suspecting that there were additional persons within, rushed into the house to check. Some time thereafter, exactly when is not clear from the record, Officer Brand, who had been designated as the "seizing officer," entered the house and found the items which are the subject of the search appellant argues is unconstitutional.

Before trial appellant made a motion to suppress the evidence discovered during the search. After the suppression hearing, the state trial court granted appellant's motion in part by suppressing the evidence found in drawers and "among tires." The court denied the motion as to evidence found in plain view.

At trial appellant was found guilty on one count of illegal possession of heroin and on two counts of assault with intent to kill with malice aforethought. *State v. McCurry*, No. 77–862 (Mo.Cir.Ct. Jan. 6, 1978), *aff'd*, No. 39–999 (Mo.Ct.App. Aug. 14, 1979).

On July 7, 1978, appellant filed a § 1983 claim for $1,000,000 in damages against individual police officers based on the following alleged violations of his constitutional rights: (1) the police officers conspired to conduct an illegal search of his home, (2) his home was illegally searched, and (3) he was assaulted by police officers upon being arrested.[1] The district court granted defendants' motion for summary judgment on the ground that:

the only issue in the instant lawsuit—whether the entrance into plaintiff's home and the resulting search was lawful—was litigated on the merits at his criminal trial in state court and determined adversely to his position. Therefore, plaintiff may not collaterally attack that determination and he is collaterally estopped from relitigating the constitutionality of the search.

*McCurry v. Allen*, 466 F.Supp. 514, 515–516 (E.D.Mo.1978). This appeal followed.

In passing upon a motion for summary judgment the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings, depositions and affidavits filed in the case.

*EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978) (citations omitted).

We find that the district court was erroneous in granting the motion for summary judgment. The district court improperly held that the *only* issue in the case was the allegedly unconstitutional search and seizure. In addition to his search and seizure claim, appellant also alleged that he had been assaulted by police officers upon arrest. From the district court's memorandum, it is apparent that the district court overlooked this serious allegation. Upon remand the district court should give the assault and conspiracy claim appropriate consideration. Further, the district court ultimately granted appellees' motion for summary judgment on the ground that appellant's § 1983 action was barred by collateral estoppel. When appellant filed his § 1983 action seeking damages for the violation of his civil rights, the search and seizure aspect of his claim was, as we acknowledge, essentially the same claim that was litigated at the suppression hearing. Unlike the district court, however, we do not believe that this requires the conclusion that appellant's § 1983 claim is barred by collateral estoppel.

Numerous courts have addressed the general question whether collateral estoppel applies to § 1983 actions when the issues raised in the § 1983 suit were determined adversely to the § 1983 plaintiff in an underlying state criminal trial. The First,[2] Second,[3] Third,[4] Fourth,[5] Fifth,[6] Sixth,[7] and Tenth[8] Circuits, as well as numerous dis-

1. We note that appellant learned the name of the police officer who allegedly assaulted him subsequent to the filing of the § 1983 action. Appellant should be granted leave to amend his complaint in this respect.

2. *Fernandez v. Trias Monge*, 586 F.2d 848, 854 (1st Cir. 1978); *Mastracchio v. Ricci*, 498 F.2d 1257, 1260 (1st Cir. 1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975).

3. *Winters v. Lavine*, 574 F.2d 46, 58 (2d Cir. 1978); *Turco v. Monroe County Bar Ass'n*, 554 F.2d 515, 520–21 (2d Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977); *Thistlethwaite v. City of New York*, 497 F.2d 339, 341–43 (2d Cir.), *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).

4. *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

5. *Wiggins v. Murphy*, 576 F.2d 572, 573 (4th Cir. 1978), *cert. denied*, 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 57 (1979); *Rimmer v. Fayetteville Police Dep't*, 567 F.2d 273, 276 (4th Cir. 1977); *Moye v. City of Raleigh*, 503 F.2d 631, 634 (4th Cir. 1974).

6. *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978); *Meadows v. Evans*, 529 F.2d 385, 386 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 345, *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974).

7. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

8. *Metros v. United States District Court*, 441 F.2d 313 (10th Cir. 1971).

trict courts,[9] have held that collateral estoppel is appropriately applied in such circumstances. This circuit has not yet addressed this issue [10] and we do not do so now.

A more specific issue, and one which is complicated by unusual circumstances, is presented in this case. The specific issue is whether appellant's § 1983 claim raising search and seizure questions is barred by collateral estoppel; the unusual circumstance is that since 1976, search and seizure claims, except in a few situations, can no longer be raised by state prisoners in federal habeas corpus actions. Thus, if collateral estoppel is to apply in § 1983 actions raising search and seizure claims, there will be no federal forum for the victim of a search and seizure which allegedly violates the federal constitution.

Of the seven circuits which have held that collateral estoppel is applicable to § 1983 actions, only two were confronted with § 1983 actions which raised search and seizure claims, and both of these courts considered this issue before *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), when federal habeas corpus relief became unavailable. *Metros v. United States District Court,* 441 F.2d 313 (10th Cir. 1971); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968). Moreover, many of the courts which concluded that collateral estoppel should apply to § 1983 actions expressly based their holding on the fact that federal habeas corpus relief, and thus a federal forum, was then available. *Rimmer v. Fayetteville Police Department,* 567 F.2d 273, 276 (4th Cir. 1977); *Thistlethwaite v. City of New York,* 497 F.2d 339, 343 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974); *Alexander v. Emerson,* 489 F.2d 285, 286 (5th Cir. 1973) (per curiam); *Moran v. Mitchell,* 354 F.Supp. 86 (E.D.Va.1973); *cf. Fernandez v. Trias Monge,* 586 F.2d 848 (1st Cir. 1978)

**9.** *See, e. g., Olitt v. Murphy,* 453 F.Supp. 354, 358–60 (S.D.N.Y.), *aff'd without opinion,* 591 F.2d 1331 (2d Cir. 1978); *Hammer v. Town of Greenburgh,* 440 F.Supp. 27, 29 (S.D.N.Y.1977), *aff'd without opinion,* 578 F.2d 1368 (2d Cir. 1978); *Smith v. Sinclair,* 424 F.Supp. 1108, 1111–12 (W.D.Okl.1976); *Rodriquez v. Beame,* 423 F.Supp. 906, 908 (S.D.N.Y.1976); *Moran v. Mitchell,* 354 F.Supp. 86, 88–89 (E.D.Va.1973). *But see generally* McCormack, *Federalism and Section 1983: Limitations on Judicial Enforcement of Constitutional Claims, Part II,* 60 Va.L. Rev. 250 (1974); Theis, *Res Judicata in Civil Rights Act Cases: An Introduction to the Problem,* 70 Nw.L.Rev. 859 (1976); *Developments in the Law-Section 1983 and Federalism,* 90 Harv.L.Rev. 1133 (1977).

**10.** In *Jenson v. Olson,* 353 F.2d 825 (8th Cir. 1965), this court applied preclusion principles in a federal civil rights action, but only to bar relitigation of a purely factual matter; the federal court considered fully the plaintiff's constitutional claims. Recently this court has applied preclusion principles to constitutional claims previously litigated in state courts but the underlying state proceedings were civil. *See Robbins v. District Court,* 592 F.2d 1015 (8th Cir. 1979) (termination of parental rights); *Goodrich v. Supreme Court,* 511 F.2d 316 (8th Cir. 1975) (disbarment proceedings). Thus we have not yet addressed the particular problems which arise when the prior state proceeding was criminal and the constitutional rights at stake are fourth amendment rights.

The Seventh and Ninth Circuits have not yet addressed this issue directly. The Ninth Circuit, in *Ney v. California,* 439 F.2d 1285 (9th Cir. 1971), found it unnecessary to decide if collateral estoppel applies, in general, to § 1983 actions because it found the elements of collateral estoppel (referred to as res judicata by the Ninth Circuit) were not met (the issue raised in the § 1983 claim was not raised at the state court proceedings). In dicta, however, the Court stated that applying res judicata to federal civil rights actions would render the Civil Rights Acts a "dead letter." *Id.* at 1288. The Ninth Circuit has apparently not addressed the issue since 1971.

The Seventh Circuit's position is initially appealing. In *Brubaker v. King,* 505 F.2d 534, 536–37 (7th Cir. 1974), the Court held that the issue to be considered at a suppression hearing in a state criminal trial (the constitutionality of the search) was not the same issue (good faith and reasonable belief the search was with probable cause) presented in a § 1983 suit against police for damages. Therefore, the Seventh Circuit held collateral estoppel could not, by definition, apply to § 1983 actions in which the underlying issues had previously been litigated in state trial courts. The problem we see with this analysis is that it would be very difficult, practically speaking, for a federal court to subsequently hold in a § 1983 claim that officers were *not* acting in good faith or with "reasonable belief" if the state court has already held the search to be constitutional.

(commonwealth supreme court denial of certiorari in juvenile court proceedings imported no view on merits of case). Chief Justice Burger in his concurring opinion in *Stone v. Powell* partially justified rendering habeas corpus unavailable as a remedy for fourth amendment claims on the basis that alternative remedies were still available. 428 U.S. at 500–01, 96 S.Ct. 3037. A § 1983 damage action is clearly one of the more obvious of such alternative remedies.

We conclude that because of the special role of federal courts in protecting civil rights, *e. g., Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (federal courts as guardians of the people's federal rights); *but cf. Stone v. Powell, supra*, 428 U.S. at 493–94 n. 35, 96 S.Ct. at 3052 ("Despite differences in institutional environment and the unsympathetic attitude to federal constitutional claims of some state judges in years past, we are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States."), and because habeas corpus is now unavailable to appellant, *see Stone v. Powell, supra*, 428 U.S. at 492–94 & n. 37, 96 S.Ct. 3037, it is our duty to consider fully, unencumbered by the doctrine of collateral estoppel, appellant's § 1983 claims.

Nonetheless, although we are not collaterally estopped by the judgment of the Missouri courts on appellant's fourth amendment claim, we believe it appropriate to temporarily abstain until the Missouri courts have had the opportunity to directly review appellant's conviction and the underlying search of his home. It is clear that if appellant was seeking injunctive or declaratory relief, we would have no choice but to abstain until the state criminal proceedings had run their course. *Juidice v. Vail*, 430 U.S. 327, 333–36, 97 S.Ct. 1211, 51 L.Ed.2d

376 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604–07, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Whether abstention is also mandatory when only damages are sought in an § 1983 action has been explicitly left open by the Supreme Court. *Juidice v. Vail, supra*, 430 U.S. at 339 n. 16, 97 S.Ct. 1211. In deference to the state courts, however, we believe it appropriate to abstain under the present circumstances as well.

Therefore the district court's order granting summary judgment for defendants-appellees is reversed and the district court is ordered to stay appellant's § 1983 action in order to prevent the tolling of the statute of limitations pending the Missouri courts' review of appellant's conviction. We realize that by abstaining we are refusing appellant immediate relief and committing him to perhaps several years of litigating his § 1983 claim, which appears, from the record before us to be serious and substantial. This is most unfortunate [11] but it is the price exacted by our federal-state court system. *See Huffman v. Pursue, Ltd., supra*, 420 U.S. at 607, 95 S.Ct. 1200, *citing Younger v. Harris, supra*, 401 U.S. at 44, 91 S.Ct. 746.

For the foregoing reasons the order of the district court is reversed and remanded for further proceedings as directed herein.

---

11. "This case dramatically diagrams the pitfalls that snare or nearly snare litigants and courts alike when a constitutional claim is brought in federal court that involves an ongoing state prosecution." *Fernandez v. Trias Monge, supra*, 586 F.2d at 849; *cf. Trainor v. Hernandez*, 431 U.S. 434, 470, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (Stevens, J., dissenting) (characterizing the Supreme Court's abstention doctrine as "increasingly Daedalian").