**Willie McCURRY, Appellant,**

v.

**Marvin ALLEN and Steven Jacobsmeyer, Appellees.**

No. 82–1003.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1982.

Decided Sept. 17, 1982.

*Systems Antitrust Litigation*, 551 F.2d 213, 218–19 (8th Cir. 1977).

Richard J. Pautler, St. Louis, Mo., for appellant Willie McCurry.

Joseph R. Niemann, City Counselor, John J. Fitzgibbon, Associate City Counselor, Francis M. Oates, Asst. City Counselor, St. Louis, Mo., for appellees Stephen Jacobsmeyer, et al.

Before HEANEY and ARNOLD, Circuit Judges, and COLLINSON,* Senior District Judge.

ARNOLD, Circuit Judge.

Willie McCurry brings this appeal from the District's Court's[1] order, dismissing his amended complaint as to certain newly named defendants on the ground of limitations. He also appeals from a judgment on a counterclaim against him. Because the District Court did not make sufficient factual findings to determine whether the amended complaint naming the new defendants might relate back to the date of the original complaint, as permitted by Fed.R.Civ.P. 15(c), we vacate the District Court's order and remand for an evidentiary hearing. The judgment on the counterclaim is affirmed.

I.

This case was previously before this Court and before the Supreme Court on the applicability of collateral estoppel to actions under § 1983.[2] It has a factual background which may be briefly stated. On April 9, 1977, members of the St. Louis Police Department received an informant's tip that Willie McCurry had, at his residence on North Market Street in St. Louis, a large quantity of heroin which was available for sale. The informant provided detectives with a capsule of heroin and stated that McCurry had 5000 such capsules. He further stated that he had observed five armed men in McCurry's house an hour or two earlier. Tr. 78. Based on this information, seven members of the Tactical Anti-Crime Team went to McCurry's house, intending to purchase heroin and arrest McCurry. Two of the officers who went on the assignment were the defendants Marvin Allen and Steven Jacobsmeyer. These two officers went to the door and attempted to make the purchase as other officers waited near the front door and in back of the house.

When McCurry answered the door the officers gave him a code name indicating their purpose. McCurry left the door for a moment and returned with a revolver. He shot the defendants, injuring them both severely before either could draw a weapon. A heated exchange of gunfire ensued as a number of other St. Louis police were called to assist their fallen comrades. Although a great many shots were fired, it appears that no one was struck except Allen and Jacobsmeyer. Both underwent surgery and recovered.

McCurry and his father, who was also in the house at the time, were eventually induced to come out of the house and surrender. McCurry was convicted in the Missouri courts of assault with intent to kill and possession of heroin.

McCurry, who is now represented by counsel, filed this suit *pro se* on July 17, 1978, against Allen, Jacobsmeyer, "unknown police officers," and the St. Louis Police Department. McCurry alleged that he was beaten in the course of his arrest, that his house was searched illegally and without a warrant, and that this search was part of a conspiracy on the part of the defendants to violate his constitutional rights. On October 13, 1978, the District Court dismissed the complaint on the ground of collateral estoppel; 466 F.Supp. 514. Its view was that the legality of the search had been litigated and resolved against McCurry by the Missouri courts in his criminal prosecution. On appeal this Court reversed, expressing the view that collateral estoppel is not applicable to actions under 42 U.S.C. § 1983 based on claimed violations of the Fourth Amendment. *McCurry v. Allen, supra,* 606 F.2d 795. Our opinion directed the District

---

* The Hon. William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Hon. James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

2. Those decisions are reported at 606 F.2d 795 (8th Cir. 1979), *rev'd,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Court to reinstate the complaint and also noted that the trial court had overlooked the plaintiff's allegations of assault in effecting his arrest. This allegation was, of course, not addressed in the state criminal proceedings and was unrelated to the collateral estoppel issue. Our judgment and mandate issued October 30, 1979.

On February 18, 1980, the Supreme Court granted certiorari "to consider whether the unavailability of federal habeas corpus [for Fourth Amendment claims] prevented the police officers from raising the state courts' partial rejection of McCurry's constitutional claim as a collateral estoppel defense to the § 1983 suit against them for damages." *Allen v. McCurry,* 449 U.S. 90, 91, 101 S.Ct. 411, 413, 66 L.Ed.2d 308 (1980). The Supreme Court answered that question in the negative, reversing the judgment of this Court in an opinion dated December 9, 1980.

## II.

On November 11, 1981, after the case had been remanded by the Supreme Court and this Court, 647 F.2d 167, the District Court granted the plaintiff's motion, made through appointed counsel, for leave to file an amended complaint.[3] The amended complaint added as defendants the City of St. Louis and nine police officers who were alleged to have participated in the conspiracy, search, and beating. The officers moved to dismiss the amended complaint on the ground that it was barred by the three-year statute of limitations, R.S.Mo. § 516.130(1). The City moved to dismiss on the ground that the Police Department is a separate state-created entity under Chapter 84 of the Missouri statutes and is beyond the control of the City. Both motions to dismiss were granted by the District Court in an Order and Memorandum filed November 24, 1981. The case proceeded to trial on November 30, 1981, against Allen and Jacobsmeyer and on a counterclaim for battery filed by Jacobsmeyer against McCurry. After a one-day trial, the court directed verdicts for

the defendants on the amended complaint. McCurry does not suggest that the court erred in this regard. The jury returned a verdict for Jacobsmeyer on his counterclaim in the amount of $5,000 in actual damages and $100,000 in punitive damages.

## III.

■ McCurry's first contention on appeal is that the District Court erred in failing to allow his amended complaint to relate back to the date of filing his original complaint. He relies on the doctrine of relation back of amendments expressed in Rule 15(c), Fed.R. Civ.P. That rule provides:

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The District Court's Memorandum and Order granting the motion to dismiss did not discuss Rule 15(c); neither did the motion for leave to amend refer to it. We think, however, that since the issue of limitations was raised, both the District Court and this Court are obliged to consider the subsidiary issue of relation back.

■ Rule 15(c) establishes three conditions which must be met in order for an amendment adding a new party to relate

---

3. The District Court's reasons for doing so are unclear since, as will be discussed below, leave to amend had already been granted following our first remand on November 2, 1979. Supp. D.R. 13.

back to the date of the original pleading. First, the claim asserted must arise out of the conduct or transaction set forth in the original pleading. In this case there is no question that the amended complaint met this requirement. Second, the newly named party must, within the period provided by the statute of limitations, have received such notice of the suit that he will not be prejudiced in maintaining his defense on the merits. Third, it must be shown that the party sought to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the claim would have been brought against him originally. See *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980); *Sassi v. Breier*, 584 F.2d 234 (7th Cir. 1980); *Hermandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102 (1st Cir. 1979); *Britt v. Arvantis*, 590 F.2d 57 (3d Cir. 1978); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3d Cir. 1971).

McCurry vigorously contends that the requirements of Rule 15(c) are met by the circumstances of this case. The newly named defendants must have had notice of this suit, he contends, because it was one of the most notorious ever filed against St. Louis police officers and received much attention in the local press. He also emphasizes that all the defendants were represented by the same counsel—the City Counselor's office. From these facts he infers that the nine officers named in the amended complaint must have had notice and could not have been prejudiced.

We cannot accept McCurry's assertions as a matter of law. The requirements of Rule 15(c) raise factual issues not susceptible to determination at the appellate level. We therefore vacate and remand to the District Court for an evidentiary hearing and factual findings on the applicability of Rule 15(c) to the nine officers sought to be added by the amended complaint.

The District Court was, however, correct in dismissing the amended complaint as to the City of St. Louis. The amended complaint, D.R. 12, seeks recovery against the City based on *respondeat supe-*rior. It is well established that no such basis of liability exists under § 1983. *Rizzo v. Goode*, 423 U.S. 362, 375–76, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978).

## IV.

McCurry makes certain other arguments in an effort to avoid the bar of limitations. Although what we have said up to this point in the opinion is sufficient to dispose of the appeal, the other arguments have been fully briefed. We proceed to address them now in order to avoid further litigation in the event that the District Court, on remand, should find that the factual requirements of Rule 15(c) have not been met.

## A.

McCurry argues that, even if his amended complaint is not saved by the doctrine of relation back, it is saved from limitations by the provisions of R.S.Mo. § 516.170. That statute provides that if:

> at the time the cause of action accrued [the plaintiff] be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited *after such disability is removed.* (Emphasis supplied.)

The disability referred to in § 516.170, insofar as state prisoners are concerned, appears to refer to the prohibition against filing civil suits which was contained in the Missouri "civil death" statute, R.S.Mo. § 222.010. This statute, which stripped prisoners of access to the courts, was held unconstitutional in *Thompson v. Bond*, 421 F.Supp. 878 (W.D.Mo.1976), and was subsequently repealed by the legislature, R.S.Mo. § 561.016. In this case, filed July 17, 1978, the plaintiff was obviously under no disability, or, if he was, he removed that disability by filing this suit against Jacobsmeyer and Allen. Thus, no reason appears why the statute of limitations should be tolled as to

other defendants not named in the original complaint, and we decline to hold that it was tolled by § 516.170.

### B.

■ The plaintiff next contends that the statute of limitations was tolled while his case was before this Court on appeal and before the Supreme Court on certiorari, because he was, as a matter of law, unable to file an amended complaint in the District Court during those two time periods. The theory is that the District Court lost jurisdiction of the case when the first notice of appeal to this Court was filed. The time between that date and this Court's decision on the first appeal should not, McCurry contends, be counted against him, so to speak. Later, when the Supreme Court granted the defendants' petition for certiorari, proceedings in the District Court were automatically stayed, and it was impossible, the argument runs, for McCurry to file his amended complaint until the case was remanded to the District Court after the Supreme Court's ruling. If these two time periods are excluded, plaintiff says, three years had not yet elapsed when he filed his amended complaint naming the nine additional individual defendants.

In our previous opinion in this case, we noted that McCurry did not learn the name of the officers who allegedly assaulted him until after the complaint was filed, and that he should be granted leave to amend in this respect. *McCurry v. Allen, supra,* 606 F.2d at 797 n.1. On November 2, 1979, following our first remand, the District Court, apparently acting on its own motion, granted the plaintiff leave to amend. Then, on December 27, 1979, the original defendants filed a petition for writ of certiorari with the Supreme Court. Certiorari was granted February 18, 1980. Neither this Court nor the Supreme Court granted, in terms, a stay of proceedings in the District Court. McCurry contends, however, that the Supreme Court's grant of certiorari operates automatically as such a stay.

Contrary to McCurry's assertion, "[n]either the filing nor the granting of a petition for certiorari operates as a stay, either with respect to the execution of the judgment below or the issuance of the mandate below to a lower court" (footnote omitted). Stern & Gressman, *Supreme Court Practice* 847 (5th ed. 1978). The plaintiff cites *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590, 594 (8th Cir. 1968), for the proposition that a grant of certiorari operates as a stay of proceedings below. This Court's statement to that effect in *Glick* was unnecessary to that decision, and on closer examination we are convinced that the correct rule is stated by Stern & Gressman, *supra.* The *Glick* decision need only have said that the filing of a petition for certiorari does not stay proceedings in the District Court, since the Supreme Court did not grant certiorari in that case. The comment as to what effect a grant of certiorari would have had was mere dictum, based on *United States v. Eisner,* 323 F.2d 38, 42 (6th Cir. 1963).[4] The correct view is illustrated by the order granting certiorari in *St. Regis Paper Co. v. United States,* 365 U.S. 857, 858, 81 S.Ct. 825, 5 L.Ed.2d 822 (1961), where the Court specifically tolled the further running and accumulation of forfeitures under a statute applied by the court below.

In this case the plaintiff had been put on notice to amend his complaint by our previous opinion, and he was granted leave to amend by the District Court on November 2, 1979, after our mandate had gone down. Nonetheless, he did not file his amended complaint until November 5, 1981. Because our mandate was not stayed while the collateral-estoppel issue was before the Supreme Court, the statute of limitations was

---

4. The *Eisner* decision relied on two older cases dealing with common-law certiorari which do not reflect current law and which did not represent a unanimous view even early in this century, see *Orth v. Steger,* 258 Fed. 625, 626 (S.D.N.Y.1919), and *Waskey v. Hammer,* 179 Fed. 273, 274 (9th Cir. 1910). *But see Hanssen v. Pusey & Jones Co.,* 286 Fed. 707 (D.Del. 1923), holding that the granting of certiorari by the Supreme Court to the Court of Appeals does not stay all proceedings in the District Court where the matter under review by the Court is interlocutory in character.

not tolled. No reason appears why the plaintiff did not file his amended complaint more promptly, as he had been given leave to do by this Court and the District Court.[5] The filing of an amended complaint would have been in no way incompatible with the Supreme Court's review of our first decision on the issue of collateral estoppel.[6] Thus, assuming the statute was tolled while the case was in this Court on the first appeal (from October 30, 1978, to October 31, 1979), the amended complaint was filed forty-two months after the cause of action accrued (April 7, 1977), and is therefore ostensibly barred by the three-year period of limitations. If the plaintiff is to avoid the statute of limitations, it is by the saving grace of Rule 15(c), as previously outlined, and not because he was disabled from filing his amended complaint.[7]

## V.

 McCurry raises two final points which warrant little discussion. First, he urges that the defendants are collaterally estopped to deny that part of the search and seizure of evidence from his home was unconstitutional because, in his state criminal prosecution, the trial court granted his motion to suppress a portion of the evidence seized. Offensive use of collateral estoppel is clearly inappropriate in this case, because the present defendants were not parties to the prior state-court proceedings.

■ Second, McCurry argues that the $105,000 judgment against him on Steven Jacobsmeyer's counterclaim is void because no trustee was appointed for McCurry as required by R.S.Mo. § 460.010, governing actions against prisoners. This argument lacks merit for two reasons. Primarily, it seems clear that any protection which § 460.010 might afford a prisoner has been waived by McCurry. The filing of any lawsuit may result in a counterclaim, and the circumstances of this case made that possibility inevitable, since the counterclaim was compulsory. Moreover, the trustee requirement of § 460.010 seems to have been integrally related to the Missouri "civil death" statute, and was probably impliedly repealed with that act. See Section IV–A, *supra.*

The judgment dismissing the amended complaint against the nine new individual defendants is vacated, and the cause is remanded for further proceedings consistent with this opinion, including an evidentiary hearing and findings of fact with respect to Rule 15(c), if necessary. In all other respects, the judgment is affirmed.

It is so ordered.

**5.** Moreover, counsel have informed us by letter of their finding in the District Court file a police report, produced in discovery in September, 1978, showing the names of all officers involved in the incident, including the nine named in the amended complaint.

**6.** Neither side made a motion in this Court or the Supreme Court for a stay of our mandate on the prior appeal.

**7.** We have referred throughout this opinion to the three-year statute of limitations, R.S.Mo. § 516.130(1). The District Court applied this statute, and both sides have assumed in their briefs that it governs. Our precedents on § 1983 actions in Missouri have so held. *E.g., Peterson v. Fink,* 515 F.2d 815 (8th Cir. 1975). However, in *Garmon v. Foust,* 668 F.2d 400 (8th Cir.) (en banc), *cert. denied,* — U.S. —, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982), filed

after the District Court's decision in this case, we reexamined the principles applicable to the selection of the most analogous state statute of limitations to govern § 1983 complaints. The District Court is free to consider whether *Garmon* requires the application of another Missouri statute of limitations in lieu of the three-year provision that everyone has assumed applies. We do not address this issue on the instant appeal because neither side has raised or briefed it. We have held that *Garmon* is to be applied retroactively. *Occhino v. City of Duluth,* 686 F.2d 1302 (8th Cir. 1982). If the District Court holds that *Garmon* requires the use of a longer Missouri statute of limitations, the Rule 15(c) relation-back issue would be moot, because the amended complaint would be timely without having to invoke the doctrine of relation back.