**David Allen MANN, Plaintiff,**

v.

**Rita JETT, et al., Defendants.**

**No. CIV 84–956 TUC ACM.**

United States District Court,
D. Arizona,
Tucson Division.

March 10, 1986.

David Allen Mann, in pro per.

Thomas E. Dugal, Deputy Co. Atty., Tucson, Ariz., for defendants.

## ORDER

MARQUEZ, District Judge.

This case is before the court following reversal and remand by the Ninth Circuit

Court of Appeals for further proceedings consistent with the Ninth Circuit's opinion, *Mann v. Jett,* 781 F.2d 1448 (9th Cir.1986).

On April 29, 1985 this court granted the Defendants' motion for summary judgment and denied the Plaintiff's cross motion for summary judgment.[1] Plaintiff filed this action seeking declaratory relief and monetary damages for the state's failure to appoint an attorney for him in a pending state criminal case. An attorney had not been appointed because the Plaintiff had not yet arrived within the territorial limitations of the State of Arizona due to extradition problems. By the time the cross motions were filed, Plaintiff had arrived in Arizona and an attorney had been appointed by the state courts. This court then denied the declaratory relief claim as moot.

This court also denied the Plaintiff's claims for monetary relief. The Defendants named in the complaint were a legal assistant with the Pima County Attorney's Office and a prosecuting attorney with that office. The county was also named as a Defendant but no separate claim was asserted against the county. In Arizona, as with most jurisdictions, the courts determine whether an attorney should be appointed for an indigent Defendant in a criminal case. It is not the function of the prosecutor nor of her staff. Plaintiff failed to name the proper party as Defendant in his claim for monetary relief. This court further held that since the only conduct alleged in the complaint pertained to a prosecutor's attempt to conduct criminal proceedings against the Plaintiff, the doctrine of absolute immunity applied barring monetary relief against the named Defendants in any event.

The judgment in this case had no bearing on the state criminal proceedings. In fact, by the time the judgment in this case was entered, the Plaintiff's claim for declaratory relief had been rendered moot by appropriate state court action. The judgment entered in this case also had no effect on the Plaintiff's ability to present these claims to the state courts on appeal.

The grant of summary judgment was entered against the Plaintiff because he clearly failed to assert a claim upon which relief could be granted, Rule 12(b)(6) and Rule 56, Federal Rules of Civil Procedure. The Ninth Circuit's opinion on this matter indicates that the court should have abstained from this decision since there was a state criminal proceeding already pending and the state courts could have resolved this issue, *McCurry v. Allen,* 606 F.2d 795, 799 (8th Cir.1979); *Martin v. Merola,* 532 F.2d 191, 194–95 (2d Cir.1976); *Guerro v. Mulhearn,* 498 F.2d 1249, 1251–55 (1st Cir. 1974).

This court believes that abstention is improper at this point in this case. The doctrine of abstention is based on comity between state and federal courts. It precludes the federal courts from exercising jurisdiction in certain circumstances where it would be better to allow the state courts to resolve the question first. This court has no dispute with the purposes of the abstention doctrine.

Implicit in the abstention doctrine, however, is the requirement that the federal court must actually have jurisdiction over the dispute. Article III of the United States Constitution precludes this court from deciding any matter except actual cases or controversies. In this case, the complaint failed to state an actual controversy between this Plaintiff and these particular Defendants. This court's entry of summary judgment in this matter indicated nothing more.

Since this court concluded that there was no claim upon which the Plaintiff was entitled to relief in the complaint, this action was ended. There was no jurisdiction for this court to exercise here. Since this court did not have jurisdiction to decide the "dispute," it would be impossible to abstain from the exercise of that jurisdiction. Abstention is a determination to be made at a

---

1. Summary judgment was necessary because the Defendants did not file a motion to dismiss and the court was required to examine matters outside the complaint to reach a decision on the matter, *see,* Rule 12(b), Federal Rules of Civil Procedure.

976

much later date than exists with the present posture of this case.

Nevertheless, this court is bound by the mandates of its Court of Appeals. Accordingly, this court will abstain from reaching a decision in this case.

IT IS ORDERED that this action is dismissed under the doctrine of abstention set forth in the Ninth Circuit's opinion in this matter.