Gary WHITE, Appellant,

v.

Daniel MURPHY, John J. Walsh, Nancy Kutta, Sheriff Edward Havlik.

No. 85–2114.

United States Court of Appeals, Eighth Circuit.

Submitted March 31, 1986.

Decided April 24, 1986.

Gary White, pro se.

Edward S. Meyer, St. Louis, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Gary C. White, a black inmate, brought this action under 42 U.S.C. §§ 1983, 1985 and 2000a, alleging that his court appointed counsel, the trial judge, the prosecutor, the court reporter and the deputy sheriff conspired together during White's state criminal trial to discriminate against White because of his race and to deny him a fair trial. Prior to trial the district court[1] dismissed White's claims against Nancy Kutta, the court reporter, and Edward Havlik, the deputy sheriff, as barred by the statute of limitations; and dismissed White's

claims against Daniel Murphy, the prosecuting attorney, as barred by the doctrines of prosecutorial immunity and res judicata. Subsequent to trial, the district court granted summary judgment to John Walsh, administrator of the estate of White's trial counsel, Robert Walsh, after determining that collateral estoppel barred two of White's claims. In addition, the court found that White had failed to produce sufficient evidence that a conspiracy existed among the named defendants, that he was deprived of any constitutional right or privilege, or that he was discriminated against on the basis of his race. White's *pro se* appeal challenges each of these determinations. We affirm.

In 1975, White was tried and convicted of first degree robbery and sentenced to twenty-five years in prison. His conviction was affirmed by the state appellate court on April 5, 1977. *State v. White,* 549 S.W.2d 914 (Mo.App.1977). On June 27, 1979, White filed a civil rights complaint alleging that the trial judge, Murphy and Walsh, acting in concert, had concealed an unlawful arrest, suppressed testimony favorable to White, selected an all-white jury over White's objections and in his enforced absence, and altered the transcript of White's trial. An amended complaint was filed on September 30, 1981, naming Kutta and Havlik in addition to the three original defendants.

■ Missouri Revised Statutes § 516.-130(1) (1978) establishes a three-year statute of limitations for the filing of the instant action. Although a subsequent provision, Mo.Rev.Stat. § 516.170 (Cum.Supp. 1984), tolls the statute when a party is imprisoned on a criminal charge, White removed any disability he may have suffered by filing his original complaint. *McCurry v. Allen,* 688 F.2d 581, 585 (8th Cir.1982). Consequently, the statute was not tolled during White's imprisonment and the time for filing his claims against Kutta and Havlik expired. The district court's dismissal

---

1. The Honorable John F. Nangle, Jr., United States District Judge for the Eastern District of Missouri, Eastern Division.

of those claims as time-barred, therefore, was not erroneous.

 With the exception of the allegation that Murphy knowingly signed a falsified trial transcript, White's claims against Murphy are based upon actions taken by Murphy in the course of initiating the prosecution of and presenting the state's case against White. Murphy was determined by this Court to enjoy absolute immunity from liability for those actions. *White v. Bloom*, 621 F.2d 276, 280 (8th Cir.1980), *cert. denied*, 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1981). The allegation concerning alteration of the trial transcript was included in White's original complaint and noted by this court in the above-cited opinion. *Id.* at 278. The claims and the parties are identical, therefore, the district court correctly held that the doctrine of res judicata bars White from relitigating Murphy's liability in the present action. *Micklus v. Greer*, 705 F.2d 314, 316 (8th Cir. 1983).

Similarly, the district court's resolution of each of White's claims against Walsh was not clearly erroneous. In Count II of his complaint, White alleged that Walsh conspired with the trial judge and Murphy to conceal an unlawful arrest and to suppress testimony favorable to White. White contended his arrest was unlawful because the procedures which led to his identification by a witness were unduly suggestive. However, on direct appeal of his conviction, the state appellate court found that the identification procedures challenged by White were not unduly suggestive and that the exclusion of his co-defendant's testimony at trial was not error. *State v. White*, 549 S.W. at 917–19. Collateral estoppel bars relitigation of these issues in the present action. *Allen v. McCurry*, 449 U.S. 90, 105, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980); *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. en banc 1984). The district court's judgment concerning the remainder of White's claims against Walsh was based upon the lack of evidence to support his allegations of the existence of a conspiracy to deprive him of his consti-

tutional rights. The sole evidence of a conspiracy was, in fact, White's uncorroborated testimony.

Accordingly, the orders of the district court are affirmed.