838 F.2d 977
 Ronald CHANDLER, Appellant,
v.
PRESIDING JUDGE, CALLAWAY COUNTY; Circuit Clerk; Unknown
Grand Jury; Unknown Board of Visitors; Ted Salmons; Mike
Wagers; John Williams; Unknown Commissioner of Public
Buildings; Unknown Chief of Fire Dept.; Appellees.
 No. 87-1260.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 12, 1987.
Decided Feb. 3, 1988.
 
 Barry Cundiff, Jefferson City, Mo., for appellant.
 Diane Garber, Fulton, Mo., for appellees.
 Before JOHN R. GIBSON, FAGG, and WOLLMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Ronald Chandler, a former Missouri prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action as barred by the Missouri statute of limitations. Because we believe the district court misapplied the Missouri rule of tolling, we must reverse and remand for further proceedings.
 
 
 2
 Chandler in 1986 brought this action against a number of Missouri public officials and employees, claiming constitutional violations arising from his 1978 confinement in a county jail before he was transferred to a state correctional facility. Three of the defendants filed a motion to dismiss on several grounds, including that Chandler's action was barred by the applicable five-year statute of limitations. See Mo.Ann.Stat. Sec. 516.120(4) (Vernon 1952). Chandler did not dispute the suit was filed more than five years after his cause of action accrued, but claimed his action was not barred because the limitations period was tolled until he was released from prison in 1982. See id. Sec. 516.170.
 
 
 3
 The defendants argued the tolling statute did not save Chandler's action because more than five years before the lawsuit was filed, the disability Chandler relied on for tolling (imprisonment) had effectively been removed by the Missouri General Assembly's repeal of a separate statute prohibiting prisoners from bringing civil actions during their incarceration. See id. Sec. 222.010 (the "civil death" statute) (repealed effective Jan. 1, 1979). The magistrate, in a report adopted by the district court, held:
 
 
 4
 A fair reading of [s]ection 516.170 is that the "disability" contained within the statutory [provision is] related to the prohibition against the commencement of civil suits by state prisoners created by the "civil death" statute * * * [and] it logically follows that because state prisoners are no longer prohibited from initiating and prosecuting civil suits in the [S]tate of Missouri, they, as any other persons, are not "disabled" from commencing an action and would also fall within the scope of the normal statute of limitations. State prisoners are no longer under a "disability" by reason of their confinement in state institutions.
 
 
 5
 App. at 42. The district court granted the defendants' motion to dismiss Chandler's section 1983 claim as time-barred under Missouri law.
 
 
 6
 Under Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 854 (1985), the Missouri five-year personal injury statute of limitations applies to Chandler's section 1983 action. Farmer v. Cook, 782 F.2d 780, 780-81 (8th Cir.1986) (per curiam); Mo.Ann.Stat. Sec. 516.120(4) (Vernon 1952). Borrowing Missouri's statute of limitations also requires borrowing Missouri's tolling statutes, see Chardon v. Fumero Soto, 462 U.S. 650, 657, 103 S.Ct. 2611, 2616, 77 L.Ed.2d 74 (1983), and operation of these tolling rules is "governed by state law," Wilson, 471 U.S. at 269, 105 S.Ct. at 1943; see also id. at n. 17. The Missouri tolling statute currently provides:
 
 
 7
 [I]f any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be * * * imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person[ ] shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.
 
 
 8
 Mo.Ann.Stat. Sec. 516.170 (Vernon Supp.1987) (emphasis added). The defendants contend "such disability [was] removed" in Chandler's case by the 1979 repeal of section 222.010, and because Chandler's action was brought more than five years later, the defendants claim it is barred.
 
 
 9
 Chandler argues the disability for prisoners referred to in section 516.170 is imprisonment, not the civil death statute, and thus, the tolling statute applies in his case to keep the five-year period from beginning to run until his release from prison in 1982. According to Chandler, the repeal of section 222.010 did not affect the applicability of the tolling statute, particularly when no corresponding modification was made at the time an unrelated portion of section 516.170 was amended in 1983. Chandler's position is that the tolling statute continues to have a separate life and the repeal of the civil death statute did nothing more than restore the rights of confined prisoners, who as a practical matter still need the protection of the tolling statute, to commence civil lawsuits.
 
 
 10
 Determining whether Chandler was disabled within the meaning of section 516.170 on account of his prisoner status after repeal of section 222.010 is a matter of state law. See Higley v. Michigan Dep't of Corrections, 835 F.2d 623, 624-25 (6th Cir.1987); Major v. Arizona State Prison, 642 F.2d 311, 313-14 (9th Cir.1981). When a state statute is interpreted "a federal court is bound by the construction given the statute by the highest court within the state." Slaaten v. Cliff's Drilling Co., 748 F.2d 1275, 1277 (8th Cir.1984) (per curiam). Although we generally defer to the district court's interpretation of state law, "we are not bound by this interpretation, and 'must reverse if we find that the district court has not correctly applied local law, or if [the district court's] interpretation * * * "is fundamentally deficient in analysis or otherwise lacking in reasoned authority." ' " Id. (quoted citations omitted).
 
 
 11
 The magistrate concluded the repeal of the civil death statute barring civil suits by confined prisoners also removed the disability of imprisonment separately afforded prisoners under the tolling statute. We find no support, however, either in the Missouri cases or our own for the conclusion that the provisions of these two statutes may be related in this manner. The Missouri Supreme Court has firmly reinforced the view that these two statutes have independent force. In reviewing the availability to federal prisoners of section 516.170 tolling in light of section 222.010's exclusive application to state prisoners, the court held "[t]he two are not reciprocal statutes * * * [and] [w]e look, therefore, to the language of [section] 516.170 to determine its application." Jepson v. Stubbs, 555 S.W.2d 307, 310 (Mo.1977) (en banc). We believe this ruling by Missouri's highest court contains definitive statements concerning the independent status of the tolling statute, see id., and this construction suggests the tolling statute has not been qualified by the repeal of section 222.010.
 
 
 12
 Contrary to the magistrate's characterization, our holding in McCurry v. Allen, 688 F.2d 581, 585 (8th Cir.1982), does not undermine Chandler's position. McCurry holds only that a confined prisoner who filed a lawsuit after the statutory bar to civil suits was removed triggered the running of the statute of limitations by that filing, and he could not rely on the tolling statute to enable him belatedly to file an action against additional defendants. See id. at 585-86. Our opinion in White v. Murphy, 789 F.2d 614 (8th Cir.1986), confirms the focus of our interpretation of section 516.170 in McCurry and, like Jepson, recognizes that "[section 516.170] tolls the statute when a party is imprisoned on a criminal charge." Id. at 615 (citing McCurry, 688 F.2d at 585).
 
 
 13
 Finally, the Missouri General Assembly in 1983 amended section 516.170 with regard to mental incapacity, but left intact the prisoner disability provision. See Mo.Ann.Stat. Sec. 516.170 (Vernon Supp.1987) (amended 1983). In light of the Missouri Supreme Court's definitive statements in Jepson concerning section 516.170, reenactment in 1983 of the prisoner tolling provision has significance under Missouri law. See Roy F. Stamm Elec. Co. v. Hamilton-Brown Shoe Co., 350 Mo. 1178, 171 S.W.2d 580, 583 (1943) (reenactment of statute after settled judicial construction presumes adoption of that construction).
 
 
 14
 We are persuaded that under Missouri law Chandler was entitled to tolling under section 516.170 while he was a state prisoner. Thus, his section 1983 action is not time-barred under state law.
 
 
 15
 Having concluded Missouri's tolling statute is applicable to Chandler's section 1983 claim, we observe the district court was not asked to consider, nor did it decide, whether application of the Missouri tolling statute is inconsistent with the policies embodied in section 1983. See 42 U.S.C. Sec. 1988; Wilson, 471 U.S. at 266-67, 105 S.Ct. at 1941-42; Board of Regents v. Tomanio, 446 U.S. 478, 485-86, 100 S.Ct. 1790, 1795-96, 64 L.Ed.2d 440 (1980); Hughes v. Sheriff of Fall River County Jail, 814 F.2d 532, 534 (8th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 46, 98 L.Ed.2d 10 (1987); see also Higley, 835 F.2d at 624 (application of state tolling statute to prisoner section 1983 claim is inconsistent with the federal policy underlying section 1983); Hernandez v. Spencer, 780 F.2d 504, 505 n. 1 (5th Cir.1986) (questions rationality of applying state tolling statutes to prisoner civil rights cases). Because it cannot be said that proper resolution of this issue is beyond doubt, we decline to consider it for the first time on appeal. See Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir.1987).
 
 
 16
 Reversed and remanded.