**WASTE MANAGEMENT OF WISCONSIN, INC., Plaintiff-Appellant,**

v.

**Cynthia FOKAKIS, Defendant-Appellee.**

**No. 79–1530.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1979.

Decided Feb. 1, 1980.

Robert H. Friebert, Milwaukee, Wis., for plaintiff-appellant.

F. Thomas Creeron, III, Asst. Dane County Corp. Counsel, Madison, Wis., for defendant-appellee.

Before SWYGERT, CUMMINGS, and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The determinative issue on appeal, and one of first impression, is whether federal courts have jurisdiction to hear a corporation's collateral attack under the Civil Rights Act, 42 U.S.C. § 1983,[1] of its state court criminal conviction. In light of the procedural posture in which the case reaches us, we outline the pertinent facts below in the light most favorable to appellant Waste Management of Wisconsin, Inc. (the Corporation).

The Corporation was convicted by a Wisconsin trial court and fined $4,000 for violating that state's "Little Sherman Act." Wis.Stat. § 133.01(1). Before and during trial, the Corporation interposed numerous objections to various deprivations of its federal constitutional rights, which the court overruled.[2] The trial court's actions were affirmed on appeal to the Wisconsin Supreme Court, *State v. Waste Management of Wisconsin, Inc.*, 81 Wis.2d 555, 261 N.W.2d 147 (1978), and the United States Supreme Court denied certiorari. *Waste Management of Wisconsin, Inc. v. Wisconsin*, 439 U.S. 865, 99 S.Ct. 189, 58 L.Ed.2d 175 (1978). The Corporation then brought suit in federal district court under section 1983 against the clerk of the state court seeking, *inter alia*, a declaration of the constitutional invalidity of the state court conviction.[3] The district court granted appellee's motion to dismiss for lack of subject matter jurisdiction. We affirm.

In *Hanson v. Circuit Court of the First Judicial Circuit of Illinois*, 591 F.2d 404 (7th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979), we answered in the negative the question whether Congress vested federal courts with jurisdiction to entertain a civil rights suit under section 1983 collaterally attacking a state court criminal conviction of an *individual* not held in custody and therefore ineligible for habe-

---

1. 42 U.S.C. § 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The complaint submitted to the district court sets forth with particularity the trial defects that serve as the basis for the Corporation's allegations of constitutional infirmity. The Corporation alleges errors of constitutional dimension in the failure of the prosecutor to present potentially exculpatory material to the grand jury, improper amendment of the grand jury indictment without representment, admission of evidence secured by illegal electronic surveillance, improper prosecutorial statements, and conveyance of erroneous instructions to the jury. Since this case is before us on appeal of a grant of a motion to dismiss, we assume that the allegations contained in the complaint are true and that at no point in the state proceedings were the Corporation's constitutional objections fairly considered.

3. The Corporation also seeks expungement of the record of its conviction, return of the fine and costs paid upon conviction, and an injunction restraining appellee from taking any action based on the record of that conviction.

as corpus relief.[4] Habeas corpus, we said, is "the exclusive federal remedy for *all* who seek to attack state court judgments of convictions." *Id.* at 410 (emphasis added). Despite the seemingly broad scope of that statement of law, we intended that the word "all" be limited by the facts presented to natural persons.[5] Further analysis is therefore required before applying *Hanson* to a corporate defendant.

The individual petitioner in *Hanson*, though unable to secure habeas corpus review of his conviction, on which a fine was the sole sanction imposed, would have been able to do so had his liberty been sufficiently restrained to constitute custody. The parties concede that a corporate petitioner can never secure habeas corpus review under the present statute because a corporation's entity status precludes it from ever being incarcerated or otherwise held in custody.[6] *See generally Fletcher Cyclopedia Corporations* § 4942 (1978). The core of the case, therefore, is whether this distinction requires a different result here, that is whether Congress vested federal courts with jurisdiction to hear a corporation's collateral attack under section 1983 of its "fine-only" conviction but not a collateral attack based on the same statute brought by a similarly situated individual.

A brief review of our reasons for holding in *Hanson* that jurisdiction was lacking will advance our inquiry. Underlying our decision was the recognition that collateral attack in the federal courts on the validity of a state court conviction is an extraordinary intrusion on the independent functioning of the state judicial system. *See also Stone v. Powell*, 428 U.S. 465, 491 n.31, 96 S.Ct. 3037, 3051, 49 L.Ed.2d 1067 (1976); *cf. Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Ordinarily, considerations of comity and federalism militate against allowing such an intrusion. The constraints on individual liberty inherent in the notion of custody are also an extraordinary intrusion. *See Ellis v. Dyson*, 421 U.S. 426, 440–41 n.6, 95 S.Ct. 1691, 1699, 44 L.Ed.2d 274 (1975) (Powell, J., dissenting). However, there the intrusion is not on a judicial system but on an individual at the mercy of a judicial system that may have acted beyond its authority or without basic procedural fairness. Section 2254 of the Habeas Corpus Act, 28 U.S.C. § 2254, which incorporates the common law custody requirement, represents the balance

4. A conflict exists among the circuits that have considered this question. *See Hanson v. Circuit Court of the First Judicial Circuit of Illinois*, —— U.S. ——, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979) (denying certiorari) (White, J., dissenting.) The Fourth and Ninth Circuits, *see Strader v. Troy*, 571 F.2d 1263 (4th Cir. 1978); *Shipp v. Todd*, 568 F.2d 133 (9th Cir. 1978), likely would have entertained a section 1983 action under these facts. Our decision in *Hanson* was in accord with the Fifth Circuit. *See Cavett v. Ellis*, 578 F.2d 567 (5th Cir. 1978).

5. The noncorporate petitioner in *Hanson* was convicted in state court of unlawful use of weapons and fined $150. He thereupon filed a petition for a writ of habeas corpus in federal district court, alleging denial of appellate counsel and a transcript because of indigency violated his rights under the fourteenth amendment to due process and equal protection. Concluding that imposition of a fine without more did not satisfy the custody requirement of 28 U.S.C. § 2254, the district court dismissed the petition. We affirmed and also disposed of the petitioner's alternative attempt, raised for the

first time on appeal, to invoke federal jurisdiction under section 1983.

6. Although recent case law has expanded the notion of custody, *see Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (release on personal recognizance prior to imprisonment constitutes custody); *Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (custody determined when petition filed; subsequent release does not render case moot); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (prisoner released on parole is in custody); *Developments in the Law—Habeas Corpus*, 83 Harv.L.Rev. 1038, 1073–79 (1970), a nexus with a physical restraint is still required. *See Preiser v. Rodriguez*, 411 U.S. 475, 486, 93 S.Ct. 1827, 1834, 36 L.Ed.2d 439 (1973). The Supreme Court has described this recent case law development as "no more than a logical extension of the traditional meaning and purpose of habeas corpus—to effect release from illegal custody." *Id.* at 486 n.7, 93 S.Ct. at 1834 n.7.

Congress struck between the interest of the individual in remaining free of unlawful intrusion on his physical freedom and the state courts' interest in remaining free of federal interference with their final judgments. *See generally Developments in the Law—Section 1983 and Federalism*, 90 Harv.L.Rev. 1133, 1337–38 (1977).

In contrast to the narrow specificity with which section 2254 is drawn, section 1983 speaks in the broadest of terms.[7] We recognized in *Hanson* that were we to allow an individual to use the broader statute to collaterally attack a "fine-only" conviction, the balance Congress struck would be applied in circumstances where the individual's interest is not as compelling.

The appellant in the case at bar argues that since corporations can never satisfy the custody requirement of section 2254, Congress must have intended that they be allowed to travel an alternate route to collateral review. Unable to point to any specific expressions of congressional intent, the Corporation relies instead on the notion that a contrary holding would be inconsistent with the role of federal courts as ultimate arbiters of federal rights. In so arguing, the Corporation points to a recent case from the United States Court of Appeals for the Eighth Circuit—*McCurry v. Allen*, 606 F.2d 795 (8th Cir. 1979), *cert. granted,* —— U.S. ——, 100 S.Ct. 1012, 62 L.Ed.2d 751 (1980). At issue in *McCurry* was the right of an individual convicted in state court to bring a section 1983 action against individual police officers for damages arising from a search and seizure, the legality of which had been fully and fairly litigated at a suppression hearing incident to his trial. The federal district court dismissed the action on the ground that the doctrine of collateral estoppel precluded relitigation of that question. *McCurry v. Allen*, 466 F.Supp. 514 (E.D.Mo. 1978). In reversing, the Eighth Circuit relied on the unavailability of habeas corpus to vindicate fourth amendment search and seizure claims that have been fully and fairly litigated in state court proceedings. *Stone v. Powell, supra.* Since habeas cor-

pus was unavailable and in light of the "special role of federal courts in protecting civil rights," 606 F.2d at 799, the court allowed the plaintiff to proceed with his section 1983 damages action unencumbered by the preclusive effect of collateral estoppel.

The Corporation asks this court to apply analogous reasoning to its attempt to secure a declaration that its conviction is constitutionally infirm. In so doing, the Corporation misconstrues the basis of our decision in *Hanson*, which was firmly rooted in congressional intent that section 2254 be the sole avenue of collateral attack of state court convictions. *Hanson* did not rest on the potential cognizability of the type of claim in habeas corpus proceedings or on the fact that the plaintiff's status as an individual would under proper circumstances allow him to secure habeas corpus review. We, too, believe federal courts have a special role in protecting federal rights. But that does not mean state courts do not also have a legitimate role, which, in this area, is not to be infringed absent express congressional authorization. As we said in *Hanson*, "[d]irect review by the United States Supreme Court is sufficient to preserve the role of the federal courts as the ultimate guardians of federally guaranteed rights." 591 F.2d at 411.

The Corporation's position is untenable also because it seeks not parity with similarly situated individuals but preferential treatment. That a corporation cannot be imprisoned or otherwise placed in custody is an incident of the status conferred on it as an entity wholly distinct from its shareholders. As such, it is one of many benefits conferred on the corporate form—*e. g.*, limited liability of shareholders for corporate debts—for the purpose of facilitating capital formation. The corporate form similarly insulates shareholders from liability for the crimes of the corporations in which they hold stock. If our corporate system were so drastically different that we subjected shareholders to imprisonment, habeas corpus relief certainly would be available in

---

7. The text of section 1983 is reproduced in note 1 *supra*.

appropriate circumstances. But to couple such a beneficial incident of the corporate form with elimination of a custody requirement for collateral attack of state court convictions would place corporations in a far more desirable position than individuals fined under state court judgments of conviction. Absent any showing of congressional authorization for such a result, and in light of possible problems posed by the equal protection guarantee of the fifth amendment, we hold that the relief the Corporation seeks is beyond the scope of protection Congress intended and beyond the scope of benefits inhering in the corporate form. We therefore decline to limit *Hanson* and here reaffirm that habeas corpus is the exclusive federal route to collateral attack of state court convictions.

There being no subject matter jurisdiction, we affirm the district court's grant of the motion to dismiss without addressing those issues dependent on a contrary finding.

AFFIRMED.