927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James HENDRIX, Plaintiff/Appellant,
v.
Michael BORKOWSKI, Defendant/Appellee.
 No. 90-1867.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 5, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 85 C 660, Robert L. Miller, Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Hendrix filed a suit pursuant to 42 U.S.C. Sec. 1983 against Michael Borkowski, a former South Bend Indiana police officer, a guard at the Indiana State Penitentiary and the five members of the Indiana Clemency Commission. Hendrix charged that Borkowski, motivated by racial animus, fabricated evidence and perjured himself before a grand jury, which resulted in Hendrix's conviction for first degree murder. He further charged that a guard at the Indiana State Penitentiary filed a false disciplinary report that prejudiced Hendrix in his appeal for clemency to the Indiana Clemency Commission. Hendrix also charged that the Indiana Clemency Board violated his due process rights by denying him access to information relevant to his clemency hearing. The district court granted summary judgment to all the defendants and it is that decision that Hendrix appeals.
 
 A. Claims Pertaining to Defendant Borkowski
 
 2
 The events upon which Mr. Hendrix bases his claim against Borkowski occurred in 1973, approximately 12 years prior to the time when Mr. Hendrix filed this Sec. 1983 action. In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court directed that courts apply a state's statute of limitations for personal injury suits to suits brought pursuant to Sec. 1983. Prior to the Wilson decision, we held that Indiana applies a five-year statute of limitations to actions against public officers acting in their official capacities and that police officers are public officers. Blake v. Katter, 693 F.2d 677, 680 (7th Cir.1982). In light of the Supreme Court's directive in Wilson, this court concluded that plaintiffs whose Sec. 1983 action accrued before Wilson was decided, April 17, 1985, were required to file their Sec. 1983 suit either five years from the date of the action or two years after Wilson, whichever period of time expired first.[1] Loy v. Clamme, 804 F.2d 405, 407 (7th Cir.1986); Dugan v. Ball State University, 815 F.2d 1132, 1135 (7th Cir.1987). Thus, Mr. Hendrix should have initiated this action by 1978. Mr. Hendrix argues that this deadline is inapplicable to his case because 1) he did not discover that Borkowski fabricated evidence until 1984 and 2) his pursuit of post-conviction relief tolled the statute of limitations for his Sec. 1983 action. Neither argument is persuasive.
 
 
 3
 The statute of limitations for a Sec. 1983 action begins to run when a reasonable plaintiff "knew or should have known" of facts supporting a claim of discrimination. Kuemmerlein v. Board of Educ., 894 F.2d 257, 261 (7th Cir.1990). The record contains evidence that in 1976 Mr. Hendrix based his claim for post-conviction relief in part on the allegation that Borkowski lied in his testimony before the grand jury. (R.47, appendix A, p. 5). Thus, even assuming that Mr. Hendrix did not discover that Borkowski allegedly proffered false testimony until that time, his Sec. 1983 action would remain time-barred because he failed to file the action within five years of his discovery of the claim--1981. Mr. Hendrix's additional charge that Borkowski fabricated evidence is sufficiently related to Borkowski's alleged perjury before the grand jury to have given Mr. Hendrix reasonable notice of a potential Sec. 1983 action at least by 1976 and trigger the running of the statute of limitations.
 
 
 4
 Mr. Hendrix's alternate tolling argument is equally unpersuasive. It is well-settled that an exhaustion requirement relates only to petitions for writs of habeas corpus and not to Sec. 1983 actions. Smith v. Springer, 859 F.2d 31, 36 (7th Cir.1988). Thus, Mr. Hendrix was not barred from pursuing his post-conviction relief and a Sec. 1983 claim in tandem. However, his pursuit of post-conviction relief does not toll the statute of limitations applicable to his Sec. 1983 claim. Thus, Mr. Hendrix's claim against Borkowski is time-barred.
 
 
 5
 B. --Claims Pertaining to Indiana Prison Officials[2]
 
 
 6
 Mr. Hendrix lodged two interrelated claims at Indiana Prison Officials. He charged that a prison guard intentionally placed a false report in his prison file which prejudiced his case before the Parole Board, acting in its capacity as the Clemency Commission.[3] Mr. Hendrix also charged that the Clemency Commission refused him access to the file it used in his case, thereby preventing him from refuting the guard's false report.
 
 
 7
 The defendants responded with a motion for summary judgment, with supporting affidavits. The affidavits document that Mr. Hendrix did have access to the file containing the guard's allegedly false report, that the report was not forwarded to the Clemency Commission and that the Clemency Commission did not base its decision on Mr. Hendrix's prison conduct. (R.33 attachments). Mr. Hendrix responded by filing an affidavit of his own restating his allegation that prison officials systematically file false reports in an effort to prejudice clemency proceedings and that the Clemency Commission denied him access to its file used in his case. (R.34 attachments). He offered no specific information or other supporting evidence that a false report was issued, that it was submitted to the Clemency Commission or that he was denied access to the materials used by the Clemency Commission. Rather, his affidavit is conclusory and therefore insufficient. See Becker v. Tenenbaum-Hill Assoc., Inc, 914 F.2d 107, 110 (7th Cir.1990); National Diamond Syndicate, Inc. v. United Parcel Service, Inc., 897 F.2d 253, 260 (7th Cir.1990). Thus, Mr. Hendrix has failed to meet his burden of showing a genuine issue of material fact upon which a jury could reasonably conclude he was entitled to relief. Puckett v. Soo L.R. Co., 897 F.2d 1423 (7th Cir.1990).
 
 
 8
 Moreover, Mr. Hendrix failed to demonstrate that he has a protected liberty or property interest in access to the materials used by the Clemency Commission in weighing a potential recommendation for clemency. This court has concluded that the Indiana parole scheme creates neither a liberty nor property interest in an application for parole. Huggins v. Isenbarger, 798 F.2d 203, 206 (7th Cir.1986). In reaching this decision, we noted that the Parole Board retained discretion in decsisions regarding parole. Under Indiana law, the same statute governs grants of parole and grants of clemency. Indeed, clemency recommendations necessarily involve even more discretion than grants of parole because the ultimate decision rests with the Governor. The Clemency Commission's role is simply to make recommendations to the Governor. Therefore, Mr. Hendrix has failed to state a cognizable claim regarding the conduct of the Clemency Commission.
 
 
 9
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the defendants.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Indiana Code Sec. 34-1-2-2 provides, in part:
 The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:
 (1) For injuries to person or character ... within two years.
 
 
 [2]
 In his brief on appeal, Mr. Hendrix charges that parole board members violated his Fourteenth Amendment rights by withdrawing a recommendation for clemency in retaliation for his filing of this action. His appendix contains evidence to support this contention. In response, the defendants filed a Motion to Strike Documents not Contained in the District Court Record, arguing that the issue was not before the district court and is therefore not properly before this court. We grant the defendant's motion because the issue of improper retaliatory action is premature and not properly before this court at this time. However, we make no conclusion regarding the merits of a future claim by Mr. Hendrix against the parole board members
 
 
 [3]
 Indiana law provides that the Parole Board review applications for clemency and make recommendations to the Governor. The discretion to grant clemency, however, remains with the Governor. Ind.Code Ann. Secs. 11-9-1-2(a)(3) and 11-9-2-1 (Burns 1990)