931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nathson FIELDS, Plaintiff/Appellant,
v.
CITY OF CHICAGO, Fred Rice and James Delaney, et al.,
Defendants/Appellees.
 No. 90-2545.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided April 18, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Nathson Fields filed this 42 U.S.C. Sec. 1983 action seeking monetary damages from Chicago and various members of its police force for allegedly withholding "street notes" produced during their investigation of a murder for which Mr. Fields was subsequently convicted. The district court concluded that the gravamen of Mr. Fields' complaint challenged not his conditions of confinement but the validity of his conviction and sentence. As such, the district court held that the action need be pursued in a 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus and dismissed the action without prejudice due to Mr. Fields' failure to exhaust his state court remedies.
 
 A. FACTS
 
 2
 Mr. Fields was charged in Chicago with the murder of two men. As part of his defense case, Mr. Fields' lawyer subpoenaed all handwritten notes, commonly referred to as "street files", that Chicago police officers investigating the murders had produced during the investigation. He was provided with eight pages of handwritten notes, all dated April 28, 1984, the date of the murders.
 
 
 3
 During the bench trial of his case, it was established that the investigation of the murders continued well beyond April 28, 1984. In fact, Mr. Fields was not arrested until June, 1985. However, it was not established that any street notes were produced after April 28, 1984. Mr. Fields was subsequently convicted of the murders and sentenced to death.
 
 B. ANALYSIS
 
 4
 A prisoner may not use a civil rights action in an attempt to shorten his sentence or attack his criminal conviction. Preiser v. Rodriguez, 411 U.S. 475 (1973); Scruggs v. Moellering, 870 F.2d 376, 378-79 (7th Cir.1989). However the distinction between permissible civil rights actions and actions that must be pursued under Sec. 2254 is sometimes blurred. A line of decisions by this court has clarified this distinction. See e.g. Hanson v. Heckel, 791 F.2d 93 (7th Cir.1986); Del Raine v. Carlson, 826 F.2d 698, 702 (7th Cir.1987); Smith v. Springer, 859 F.2d 31, 35 (7th Cir.1988). As we recently explained, Sec. 2254 actions pertains to cases where the plaintiff seeks "a quantum change in the level of custody" while Sec. 1983 actions apply where the plaintiff challenges "the conditions rather than the fact of his confinement." Graham v. Broglin, No. 89-3201, slip op. at 3 (7th Cir. Jan. 7, 1991).
 
 
 5
 Although Mr. Fields seeks only damages and not a quantum change in his custody, to determine the applicability of Preiser we look not only at the relief sought but also at the nature of the claim. If there is an "undeniably direct and specific relationship" between the challenged conduct and the plaintiff's prison release date, his remedy lies in a Sec. 2254 action. Viens v. Daniels, 871 F.2d 1328, 1332 (7th Cir.1989). The alleged withholding of exculpatory "street files" that Mr. Fields challenges does have a direct and specific link to any potential release from prison he might obtain.
 
 
 6
 Although he is challenging the conduct of the police officers and not the fact of his conviction, see Smith v. Springer 859 F.2d 31, 34 (7th Cir 1988), Mr. Fields' action actually attacks his conviction. Were Mr. Fields to prevail, he would also have had evidence of the elements necessary to show that his that his trial was unconstitutional under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Bagley, 473 U.S. 667 (1985), where the Supreme Court concluded that criminal defendants have a constitutional right to access to material, exculpatory information, including informal notes, in police possession. Thus, unlike in Smith, where the plaintiff was permitted to proceed with his Sec. 1983 action because his success in that action would not affect his underlying conviction, were Mr. Fields to prevail, his success would be most relevant to his attack on an underlying conviction.
 
 
 7
 Thus, it is clear that the damages Mr. Fields seeks are for the fact and length of his incarceration rather than for any independent and unrelated injury. See Greene v. Meese, 875 F.2d 639, 642 (7th Cir.1989). Were Mr. Fields to prevail in this action, his claims for damages would be moot if he received the allegedly exculpatory materials and a new trial. Id. at 643. Thus, Mr. Fields' complaint can fairly be characterized as one that is ancillary to his post-conviction proceeding, and therefore not properly pursued under Sec. 1983.[1] See Scruggs, 870 F.2d at 379.
 
 
 8
 Therefore, the district court correctly dismissed this action. However, Mr. Fields may attempt to pursue this claim in a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254.
 
 AFFIRMED.[2]
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Fields argues that because he failed to challenge the alleged withholding of exculpatory material on direct appeal in the Illinois courts, he is barred from raising the claim in his post-conviction collateral appeals. See Mikel v. Thieret, 887 F.2d 733 (7th Cir.1989). However, a habeas action may not be precluded if Mr. Fields can show cause and prejudice for this omission. Moreover, a waiver under 28 U.S.C. Sec. 2254 does not then entitle a person to bring suit under Sec. 1983 if the challenge relates to the terms of his custody rather than the conditions of his confinement
 
 
 [2]
 Mr. Fields also argues that the district court erred in failing to rule on his second motion for appointment of counsel until after granting the defendants' motion to dismiss. However, any such error is harmless given the clear lack of merit to his case. Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983). The district court was also correct in refusing to grant default judgment against defendant Fred Rice, in his individual capacity, based on its finding that he was not properly served and therefore not a defendant to the action