69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marion T. BEAVEN, Plaintiff-Appellant,
v.
Phillip K. SCROGHAM, and Howard N. Bernstein, Commissioner,
Defendants-Appellees.
 No. 95-1555.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Oct. 25, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff filed a pro se civil rights suit pursuant to 42 U.S.C. Sec. 1983, charging false arrest based on acts of illegal search and seizure against an Indianapolis police officer, Phillip K. Scrogham, and attacking the act of a jail bond commissioner, Howard Bernstein, for imposing bond twice for the same offense. The district court dismissed the claim against both defendants as being frivolous within the meaning of 28 U.S.C. Sec. 1915(d).
 
 
 2
 A district court may deny an application to proceed in forma pauperis (IFP) if satisfied that the action is frivolous or malicious, i.e., without an arguable basis in law. Neitzke v. Williams, 490 U.S. 319, 328 (1989). In reviewing a Sec. 1915(d) dismissal, this court will affirm absent an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 3
 As to defendant Bernstein, the district court concluded that he was acting in a judicial capacity in setting bond as a condition of plaintiff's release pending the disposition of criminal charges, and therefore is absolutely immune from an action for damages for such actions. This is true; setting bond is a judicial act for which the defendant enjoys absolute immunity. Dellenbach v. Letsinger, 889 F.2d 755, 758 (7th Cir.1989); see also White v. Gerbitz, 892 F.2d 457, 464 (6th Cir.1989) (setting bail is judicial act); Lowe v. Letsinger, 772 F.2d 308, 313 (7th Cir.1985) (setting bond is judicial act); Thomas v. Sams, 734 F.2d 185, 189 (5th Cir.1984) (setting bond is judicial act). We agree with this disposition.
 
 
 4
 Bernstein set a $37,500 bond in September 1992 after plaintiff was arrested and charged (No. 49 G 029 209 CF 123496), after plaintiff had served 365 days in prison and was released in August 1993. Bernstein later set a bond of $15,000 after plaintiff was arrested in May 1994 (No. 49 G 029 407 CF 087433). Plaintiff complains that this was the same charge, with a different number, as the one he was arrested for in 1992. Bernstein's conduct in imposing a bond after an arrest still falls within his quasi-judicial functions and is protected by the doctrine of absolute immunity. See Kincaid v. Vail, 969 F.2d 594, 600-01 (7th Cir.1992).
 
 
 5
 Defendant Scrogham presents a more difficult problem. The district court is correct in finding that Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), prevents an action for damages for an allegedly unconstitutional conviction unless that conviction was later invalidated. The district court order here states: "the plaintiff's arrest was followed by his conviction." But nothing in the briefs, the record, or the district court order itself indicates what conviction it is that bars the subsequent Sec. 1983 suit.
 
 
 6
 Plaintiff's September 1992 arrest under charge no. 49 G 029 209 CF 123496 (for what offense, we do not know) apparently was tried in December 1993, but the trial resulted in a hung jury. It appears--and again the record is remarkably sparse--that in May 1994 plaintiff was arrested, or perhaps re -arrested, perhaps on the same charge, and the case was refiled under charge no. 49 G 029407 CF 087433. Or, this could be a new charge relating to some type of drug-related crime allegedly committed in May 1994, when the search and seizure of which plaintiff complains occurred. The problem is that in August 1994, charges were dismissed. We do not know if these were the charges that resulted in the December 1993 hung jury, or the charges resulting from the May 1994 arrest, and whether the charges are for the same offense or a new offense.[2] It is necessary to know whether the charges underlying the relevant search and seizure were dismissed on the merits before we can determine whether or not Heck v. Humphrey applies as a bar to this action. Cf. Singer v. Fulton Co. Sheriff, 63 F.3d 110, 118 (2d Cir.1995) (dismissal in interest of justice does not constitute favorable termination).
 
 
 7
 Based on this confusing record, we are compelled to reverse and remand the claim against Scrogham, so that the district court can sort this out properly.[3] If the district court has no more specific information than we do in this record, showing that some charge ended in a hung jury and some charge was dismissed, it was an abuse of discretion to dismiss the claim against Scrogham as frivolous based on Heck v. Humphrey. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir.1995) (Heck v. Humphrey analysis is premature; pro se complaint is confusing and record does not accurately reflect whether a successful attack on plaintiff's arrests would implicate the validity of his confinement, since it is not clear whether plaintiff has been tried and convicted); Brandley v. Keeshan, 64 F.3d 196, 199 & n. 2 (5th Cir.1995) (remand for determination as to whether criminal prosecution terminated in plaintiff's favor).
 
 
 8
 On remand the district court will have to determine whether plaintiff's Fourth Amendment claims, if successful, would undermine the conviction. Claims under the Fourth Amendment generally do not impeach the validity of a conviction. Heck, 114 S.Ct. at 2372, n. 7. An illegal search and seizure may be followed by a valid conviction. See Haring v. Prosise, 462 U.S. 306 (1983); Smith v. Springer, 859 F.2d 31 (7th Cir.1988). If the Fourth Amendment claims presented by plaintiff do not challenge the validity of the conviction, Heck would not be a bar to this action.
 
 
 9
 The judgment of the district court is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff has filed a statement, which the court has considered. The appeal has been submitted on the briefs and the record
 
 
 [2]
 We do know that plaintiff entered Westville Correctional Center in Indiana in October 1994, and was still there as of February 1995, but we have no idea what charge or conviction supports his continued custody
 
 
 [3]
 We also note that the district court refers to the possible res judicata effect of case no. IP 94-1937-C-D/F and case no. IP 94-134S-C, but we do not know what those cases are