94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond DICK, Plaintiff-Appellant,
v.
CITY OF CHICAGO, a municipal corporation, et al.,
Defendants-Appellees.
 No. 95-1088.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.*
Decided Aug. 6, 1996.
 
 Before CUDAHY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Raymond Dick appeals the judgment of the district court dismissing his complaint for failure to state a claim. Mr. Dick submits that the district court erred in vacating a default order that was initially entered against the defendants, and in later dismissing his claims as barred under Heck v. Humphrey, 114 S.Ct. 2364 (1994), and by the statute of limitations. We affirm.
 
 1.
 
 2
 Mr. Dick, acting pro se, filed his complaint with the district court on June 29, 1993. Mr. Dick's complaint alleged that defendants the City of Chicago ("the City") and Chicago police officers including Ray Davis, Bernard Lohand, and Gerald Mahon ("the officers") violated various civil and constitutional rights in securing his arrest in 1982 and conviction in 1983 for aggravated kidnaping and rape. The defendants were served with a summons and the complaint on July 12, 1993. The name of "Judge Andersen" was stamped on the summons for each defendant. R. 4, 5, 6, 7. On July 30 and August 2, 1993, respectively, the officers and the City filed an appearance, R. 8, 9, and a motion for an extension of time to answer or otherwise plead, R. 38 (Exh. B), 39 (Exh. C).[1] The officers and the City included Judge Andersen's name in the caption of each of these documents. Id.
 
 
 3
 On August 4, 1993, the officers' counsel was informed by Judge Andersen's minute clerk that the motion for an extension of time was not on Judge Andersen's motion call and that the case was assigned to Judge George Lindberg. R. 39 (Exh. E). The officers' counsel notified the City's counsel of this information, and, on the next day, August 5, each counsel filed a motion with Judge Lindberg identical to the one previously filed.
 
 
 4
 On August 11, Judge Lindberg granted both the officers' and the City's motions for an extension of time to answer or otherwise plead.[2] On September 2, Mr. Dick filed motions for default judgment against the officers and the City. Judge Lindberg held a hearing on these motions on the same day. He denied these motions at the hearing, as reflected in a minute order on September 9. Mr. Dick then moved for clarification and reconsideration of the denial and filed a supporting memorandum of law. Although the defendants had been given until October 8, 1993 to respond, Judge Lindberg granted Mr. Dick's motion for reconsideration and entered a default order in Mr. Dick's favor on September 29. Judge Lindberg determined that, based on the August 5 filing of defendants' motions for an extension of time, the defendants had failed to respond to the complaint within twenty days or to show excusable neglect.
 
 
 5
 The defendants then filed motions to vacate the default order. After a hearing on the same day, Judge Lindberg issued a minute order striking all previous orders in the case, including the default order, and denied the defendants' motions to vacate as moot.[3] The case was returned to Judge Andersen, the judicial officer to whom the case had been actually assigned. Judge Andersen later granted the defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). Mr. Dick filed a timely notice of appeal from this judgment.
 
 2.
 
 6
 After a thorough study of Mr. Dick's contentions, we are convinced that Judge Lindberg acted well within his discretion in vacating the default order that he had entered earlier. As a threshold matter, we cannot accept Mr. Dick's submission that the judge did not have the authority to act. Nor will the record support the contention that Mr. Dick was not given an adequate opportunity to be heard.
 
 
 7
 We review the grant of a motion to vacate a default order for abuse of discretion. See Dimmit & Owens Financial, Inc. v. United States, 787 F.2d 1186, 1193 (7th Cir.1986). The party moving to vacate a default order must show: 1) good cause for default; 2) quick action to correct it; and 3) meritorious defense to plaintiff's complaint. Id. (citing United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir.1989)). In this case, the defendants met all three prongs of this test. The defendants had no reason initially to believe that their motions for an extension of time should be directed to Judge Lindberg and therefore no reason to seek an extension of time in his court. The case was assigned to Judge Andersen, as the summonses indicated. When informed--incorrectly--by Judge Andersen's minute clerk that the case was before Judge Lindberg, the defendants' re-filed their motions for an extension of time the very next day and addressed them to Judge Lindberg. The defendants' motions to dismiss submitted in response to the complaint[4] contained at least one meritorious defense to the complaint, namely the statute of limitations. There was no abuse of discretion in vacating the default order.
 
 3.
 
 8
 We turn to the merits of the dismissal of Mr. Dick's complaint. We agree with the district court's conclusions that Heck v. Humphrey, 114 S.Ct. 2364 (1994) bars Counts II and III of the complaint, and that the statute of limitations bars Count I of the complaint.[5] We see no reason to disagree with the decision of the district court.
 
 
 9
 First, Mr. Dick's allegations in Counts II and III that the officers fabricated evidence that led to his conviction and to his failure on direct appeal, are barred by Heck as long as Mr. Dick's conviction remains valid. See Smith v. Springer, 859 F.2d 31, 34 (7th Cir.1988).
 
 
 10
 Count I is barred by the applicable statute of limitations. Mr. Dick contends in his appellate brief, as he did in his response to the motion to dismiss, that the acts of the defendants lasted from February 9, 1982 through February 22, 1993.[6] However, nowhere in his complaint did Mr. Dick suggest that the defendants did anything to him after September 26, 1986. Nor has Mr. Dick indicated that February 22, 1993, has any more significance than as the date when the Supreme Court denied certiorari from our court's affirmance of the denial of Mr. Dick's federal habeas petition.
 
 
 11
 The district court committed no error in the disposition of this matter. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Mr. Dick disputes the defendants' contention that they filed motions for an extension of time on July 30 and August 2. The original motions do not appear in the record--only the defendants' photocopies of them, appended to their motions to vacate the default order. The defendants' photocopies include stamps by the clerk indicating that the motions were received on July 30 and August 2 respectively. Mr. Dick does not explain why he thinks these copies are fraudulent. Without more than Mr. Dick's conclusory allegations, we shall not take issue with Judge Lindberg's conclusion that the motions for an extension of time were timely filed
 
 
 [2]
 See note 5, infra, for a discussion whether the defendants responded to the complaint within the extension of time granted
 
 
 [3]
 This court dismissed Mr. Dick's appeal from Judge Lindberg's order, concluding that we lacked jurisdiction because no final judgment had been entered. Dick v. City of Chicago, No. 93-3579 (7th Cir. Nov. 12, 1993) (unpub. ord.)
 
 
 [4]
 The parties disagree whether the defendants served their motions to dismiss within the enlargement of time granted by Judge Lindberg. The minute order in the record indicates that the defendants were given until September 1 to answer or otherwise plead. R. 12. According to the transcript of the September 2 hearing before Judge Lindberg, Mr. Dick received the officers' motion to dismiss by September 1. See R. 51-1. The city had apparently not served its motion to dismiss upon Mr. Dick by September 1, see id.; however, that does not necessarily mean that the city was in default. Both in his motions for default and in his motion for clarification and reconsideration of the denial of default, Mr. Dick stated that Judge Lindberg had granted the defendants an extension of time until September 9. R. 16, 17, 29. Mr. Dick does not suggest, nor is there any indication in the record, that the city had not served its motion to dismiss by September 9. We conclude that Judge Lindberg could determine in his discretion that both the officers and the city had timely responded to the complaint
 
 
 [5]
 We note that Mr. Dick attempted to make claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 2000e. Only §§ 1981, 1983, and 1985 were appropriate vehicles for Mr. Dick's claims; the other two statutes invoked by Mr. Dick relate to property and employment respectively. The district court explained that Heck and the expiration of the limitations period bar Mr. Dick's § 1983 claims; we add that they likewise bar his § 1981 and § 1985 claims. See Heck, 114 S.Ct. at 2370-72 (suggesting that Heck applies to all civil rights damage claims that are analogous to malicious prosecution claims); Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 & n. 2 (7th Cir.1995); Smith v. Firestone Tire and Rubber Co., 875 F.2d 1325, 1328 (7th Cir.1989)
 
 
 [6]
 Mr. Dick also gives the date as February 22, 1992. We can find no significance for that date, and therefore assume that he means 1993